HARTFORD ACCIDENT AND INDEMNITY COMPANY *et al.* *v.* COX *et al.*

No. 13473.   NOVEMBER 13, 1940.

*Wheeler & Kenyon* and *C. J. Thurmond,* for plaintiffs in error.
*Joseph H. Blackshear* and *R. W. Smith Jr.,* contra.

JENKINS, Justice.   1.   Section 59 of the act of 1920 as amended (Ga. L. 1920, p. 198; 1931, pp. 7, 43; Code, § 114-710; Ga. L. 1937, p. 230) provides that the superior court, upon the hearing

of an appeal from an award by the Industrial Board, "shall set aside the order or decree, if it be found that," among other stated grounds, "there is not sufficient competent evidence in the record to warrant the directors in making the decree complained of;" and that, "upon the setting aside of any such order, decree, or decision of the [board], the court may recommit the controversy to the [board] for further hearing or proceedings in conformity with the judgment and opinion of the court, or such court may enter the proper judgment on the findings, as the nature of the case may demand." The statute thus plainly and unambiguously vests in the superior court, "upon the setting aside" of the decision appealed from, discretion to "recommit the controversy" to the Industrial Board for such further proceedings as the court may specifically direct. This power to remand such a case, "for the sole purpose of . . hearing additional evidence on the question whether the injury arose out of and in the course of employment," would not be limited by any question whether such evidence could or could not have been discovered and presented by the claimant in the exercise of ordinary diligence at the first trial before the board, or before the award was made by the board. The previous construction of the law by the Court of Appeals, as conferring such a discretion, accords with the statute. See *U. S. Fidelity & Guaranty Co.* v. *Washington,* 37 *Ga. App.* 140 (3) (139 S. E. 359) ; *Maryland Casualty Co.* v. *Bartlett,* 37 *Ga. App.* 777 (3) (142 S. E. 189); *Austin Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (3), 567 (121 S. E. 345) ; *Maryland Casualty Co.* v. *Sanders,* 49 *Ga. App.* 600 (4) (176 S. E. 104). Also *Liberty Mutual Insurance Co.* v. *Clay,* 180 *Ga.* 294, 295, 296 (178 S. E. 736), where, although no such procedural question arose, the case had in fact been previously remanded to the industrial commission for further investigation and determination as to the partial loss of a specific member. Nothing was indicated to the contrary in *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (123 S. E. 897) ; *Bishop* v. *Bussey,* 164 *Ga.* 642 (139 S. E. 212) ; *White Provision Co.* v. *Culbreath,* 58 *Ga. App.* 628 (199 S. E. 318) ; *Martin* v. *U. S. Fidelity & Guaranty Co.,* 58 *Ga. App.* 59 (197 S. E. 660) ; or *Continental Casualty Co.* v. *Caldwell,* 55 *Ga. App.* 17 (189 S. E. 408), none of which cases involved any question as to the power of the superior court, on the "setting aside" of an order, decree, or decision, to recommit the

case to the Industrial Board or department for further hearing or proceedings. Accordingly, each of the two questions certified by the Court of Appeals must be answered in the affirmative.

2. While the plaintiffs in error in the Court of Appeals refer in their brief in this court to the record, and suggest other questions as to the power of the superior court to enter its order, no suggestion relating to such questions is included in the questions of the Court of Appeals, and such extraneous questions can not be considered. See *Davison-Paxon Co.* v. *Walker,* 174 *Ga.* 532 (2), 539 (163 S. E. 212), 45 *Ga. App.* 395, 397 (165 S. E. 160).

*Answers in affirmative. All the Justices concur.*