Under the ruling of the Supreme Court in answer to questions certified to it by this court (Hartford Accident Indemnity Co. v. Cox, 191 Ga. 143, 11 S.E.2d 661), it was not error for the superior court to recommit this case to the Industrial Board for the purpose of hearing further evidence, making a specific finding of fact based on such evidence, and making an award based on both the new evidence introduced and the evidence already appearing in the record.
Judgment affirmed. Stephens, P. J., andSutton, J., concur.
 DECIDED NOVEMBER 29, 1940.
A claim was filed by the dependents of Mrs. Stanton Cox for compensation under the workmen's compensation act. An award of compensation was granted by the single director, and this award was affirmed by the full board and by the superior court on appeal. The case was then carried to the Court of Appeals by the employer and insurance carrier and was reversed. Hartford Accident Indemnity Co. v. Cox, 61 Ga. App. 420 (6 S.E.2d, 189). Before the order was taken upon the remittitur in superior court a motion was made by the claimants to recommit the case to the Industrial Board. A demurrer was filed by the employer and the insurance carrier, and on a hearing thereon, an order was passed recommitting the case to the Industrial Board for the purpose of hearing further evidence, making a specific finding of fact thereon, *Page 764 
and making an award based on the newly introduced evidence and the evidence already appearing in the record. The employer and insurance carrier excepted.
The motion to recommit sets out that the new evidence to be introduced would show that because of her employment the deceased employee was specially exposed to injury from windstorms or tornadoes to a greater degree than the public generally in the same vicinity; that she was exposed to a danger that was not common to the general public within the area at the time of her accident and that the fatal injury resulted from a peculiar danger to which her work exposed her; that the building occupied by the employer and in which the deceased employee was fatally injured was weak; that there was no cement in the building, but the bricks were bound together only by lime and water; that there was no steel framework in the building, and that a wall between the building in which the employee was injured and an adjoining building was in several places taken out, so that both buildings could be used as one establishment, thereby weakening the building; that the front of the building in which the deceased employee was injured was taken out and changed from its original structural plan for the purpose of creating show windows, all of which weakened the building; that at the time the building was damaged the steam pipes which were suspended from the first floor and attached to the ceiling fell to the floor, expelling live steam, increasing the risk to the employees in the building, and hindering rescue and first-aid work.