36886. AMERICAN CASUALTY COMPANY *et al. v.* HARRIS.

DECIDED NOVEMBER 8, 1957—REHEARING DENIED
NOVEMBER 27, 1957.

*Smith, Field, Doremus & Ringel, Richard D. Carr, H. A. Stephens*, for plaintiffs in error.

*Edwards, Edwards & Gibbons, W. J. Gibbons, J. B. Copeland*, contra.

FELTON, C. J.  At some time prior to the time of the deceased's death, R. S. DeLoach Lumber Company contracted with an independent contractor for the transportation of lumber.  At such time the independent contractor, Tri-State Truckers & Lumber Haulers, Inc., had a temporary Interstate Commerce Commission permit.  Later, Tri-State's temporary permit was revoked by the Interstate Commerce Commission.  Subsequently to the revocation the lumber company and Tri-State entered into a lease agreement, the pertinent provisions of which are as follows: "1. In consideration of the rentals hereinafter agreed to to be paid to lessor by lessee, but subject to all of the terms and conditions hereof, lessor has this day rented and leased to lessee, and lessee has rented and leased from lessor certain motor vehicles consisting of twelve tractors and twelve trailers more particularly described on a tabulation thereof hereto appended and identified as Exhibit 'A' which exhibit and the contents whereof are herein incorporated and made a part of this agreement.  2. The term of this lease shall begin at noon Eastern Standard Time on the 13th day of May, 1956, and shall end at noon E. S. T. on the 12th day of June, 1956, unless sooner terminated, as to all or some of such motor vehicles by mutual consent of the parties hereto.  Lessee shall be authorized to operate such vehicles in the State of Georgia and Florida, and not elsewhere.  3. Lessor shall pay with respect to each such motor vehicle leased hereunder:  (a)  All costs of gasoline and oil consumed by such vehicle during the terms of this lease.  (b)  All costs for necessary repairs and maintenance, but provided no obligation for repairs shall be incurred by lessee for the account of lessor in excess of $100 with respect to any one vehicle without the prior permission and approval of lessor.  (c)  The costs of providing and maintaining in effect public liability and property damage insurance.  4. Lessor shall have no obligation with respect to the drivers or operators of such motor vehicles; and lessee specifically covenants and agrees that such motor vehicles will be entrusted to competent and experienced operators only.  5. Les-

see shall maintain complete records of all expenses incurred for gasoline, oil, repairs and maintenance of the said motor vehicles and of the trips and mileage made by each; and such records shall be open to inspection by duly authorized representatives of lessor during business hours on any business day. 6. As rental for the motor vehicles hereby rented and leased, lessee shall pay to lessor the sum of twelve cents (12¢) for each mile of operation by lessee, such sum to be paid lessor on Saturday of each week commencing Saturday May 19. Lessor shall, at the same times, make settlement with lessee for any cash advances made by lessee with respect to these obligations assumed by lessor hereunder." Under the lease agreement the lumber company had exclusive control over the selection and direction of the truck drivers. The only prohibition placed on the lumber company as to such drivers was that the leased motor vehicles would be entrusted by the lumber company only to competent and experienced operators. Under this contract the lumber company had the right not only to select and discharge the truck drivers but had the right also to control the time, manner, methods, and means of their performance of their employment duties. Under this contract Tri-State had no control whatsoever over the truck drivers. Since the lease contract gave the lumber company the above enumerated rights, the deceased at the time of his death was an employee of the lumber company. *Davis* v. *Starrett Bros., Inc.*, 39 *Ga. App.* 422, 427 (147 S. E. 530); *Banks* v. *Ellijay Lumber Co.*, 59 *Ga. App.* 270, 272 (200 S. E. 480); *St. Paul-Mercury Indem. Co.* v. *Alexander*, 84 *Ga. App.* 207, 211 (65 S. E. 2d 694); *Fidelity & Casualty Co. of New York* v. *Windham*, 209 *Ga.* 592, 593 (74 S. E. 835).

Officials of both the lumber company and Tri-State testified that the parties never performed according to their lease agreement but that they operated on the same basis as when Tri-State had its Interstate Commerce Commission permit. The fact that the parties never operated under the terms of the lease agreement is of no consequence. "If the right of control be conclusively shown to exist, then evidence to show the actual exercise of control or the absence of it, becomes wholly immaterial. It is the right of control, and not the fact of control, which is decisive." *Studdard* v. *Phoenix Indem. Co.*, 79 *Ga. App.* 467, 471 (54 S. E. 2d 280).

The evidence demanded a finding that at the time of his death the deceased was an employee of R. S. DeLoach Lumber Company.

The superior court did not err in reversing the award of the single director but it did err in going further and making findings of fact and basing an adjudication thereon. On an appeal in a workmen's compensation case, the superior court has authority and jurisdiction only to affirm or reverse as a matter of law and sometimes to give directions.

The judgment of the superior court is affirmed with direction that it amend its order to show only a reversal of the single director's award with instructions to the single director to further hear and determine the questions of scope of employment and compensation, if any.

*Judgment affirmed with directions. Quillian and Nichols, JJ., concur.*