47280. CHAMBERS et al. v. POWELL et al.

CLARK, Judge. Confronting us for determination in a workmen's conpensation case is the right of the superior court judge to remand the matter to the Workmen's Compensation Board for the purpose of taking additional evidence on whether an employer had the required number of 10

or more employees regularly in service and whether a named individual should be added as a party defendant to the employer-partnership as requested in a motion that was made at the initial hearing but without any decision thereon. Pointing to the necessity of having finality in legal proceedings, appellant contends the hearing and the record thereof are complete with there being no legal evidence to show appellants had 10 or more employees regularly in service so that entry of judgment in favor of appellants is required.

Powell lost an eye as a result of an accident arising out of the scope of his employment which occurred April 30, 1970, while working for Paul Link who was a subcontractor for cornice work for Chambers, Moon & Moon, an intermediate contractor engaged for the framing work in construction of a house for the principal contractor, Moore Construction Co.

At the commencement of the hearing before the deputy director the attorney for Chambers, Moon & Moon, a partnership designated in the record as composed of Jimmy Chambers, Thomas Moon, and Danny Moon, moved to add G. W. Chambers to this partnership as a party defendant along with Paul Link, the actual employer of Powell. In reply to the hearing officer's query as to adding them as requested, the employee's attorney answered: "Not at this time, I don't think, Your Honor. We'll see what develops then we can see whether or not we can or should make them parties at a later date. Director: In other words, you want me to hold this thing for amendment?" to which the reply was "It's a possibility after this we might have to hold it." Thereupon the hearing proceeded without objection to this procedure.

During the hearing confusion developed concerning the status of three documents which were appellant's payroll records for three weeks ending April 17, April 24, and May 1, 1970, which were identified as claimant's Exhibits C-3, C-4, and C-5. Xerox copies were substituted for the original records. Without criticism of any of the at-

torneys involved, as all acted in good faith, there is some question as to the effect of a stipulation concerning these three documents. Although the xerox copies appear in the record and were treated as admitted both by the deputy director and thereafter by the full board as being a part of the evidence, the superior court judge observed that some legal question existed as to this being properly a part of the record. Therefore he remanded the matter to the State Board of Workmen's Compensation for additional findings on the two stated matters.

We find the trial judge in the case sub judice ruled correctly within the authority of *Code* § 114-710 and in accord with a number of appellate court decisions. The provisions of the statute contained in § 114-710 names five specific grounds upon which the superior court may set aside an order, those pertinent to the present discussion being "(3) the facts found by the members do not support the order or decree; (4) there is not sufficient competent evidence in the record to warrant the members in making the order or decree complained of." This Code section further provides: "Upon the setting aside of any such order, decree or decision of the board, the court may recommit the controversy to the board for further hearing or proceedings in conformity with the judgment and opinion of the court, or such court may enter the proper judgment upon the findings, as the nature of the case may demand."

The leading case on this subject is *Hartford Acc. &c. Co. v. Cox,* 191 Ga. 143 (11 SE2d 661) in which our Supreme Court ruled in reply to a certified question from this court that the superior court was authorized to recommit for the sole purpose of hearing additional evidence on the question whether the injury arose out of and in the course of employment, even when such could have been discovered through exercise of ordinary diligence at the first trial.

Although neither diligent counsel nor this court have found any decision on all fours with the facts here, there have

been numerous decisions approving remand for further findings of facts which we regard as controlling. Among these are *Employers Mut. &c. Co. v. Anderson,* 96 Ga. App. 509 (100 SE2d 611); *Complete Auto Transit Co. v. Baggett,* 107 Ga. App. 415 (130 SE2d 271); *Fidelity & Cas. Co. v. Ledford,* 108 Ga. App. 326 (132 SE2d 858); *U. S. Cas. Co. v. White,* 108 Ga. App. 539 (133 SE2d 439); *Beachamp v. Aetna Cas. &c. Co.,* 112 Ga. App 417 (145 SE2d 605); *American Fire &c. Co. v. Davidson,* 116 Ga. App. 255 (157 SE2d 55); *Zurich Ins. Co. v. McDuffie,* 117 Ga. App. 90 (159 SE2d 423); *American Mut. Liability Ins. Co. v. Rozier,* 117 Ga. App. 178 (160 SE2d 236); *Ga. Cas. &c. Co. v. Conner,* 117 Ga. App. 233 (160 SE2d 436). See also *Ga. Power Co. v. Crutchfield,* 125 Ga. App. 488 (188 SE2d 140).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*
ARGUED MAY 25, 1972—DECIDED MAY 31, 1972.

*Albert P. Feldman,* for appellants.

*H. P. Arnall. Joseph E. Cheeley, W. Howard Fowler, H. A. Stephens, Jr.,* for appellees.