61032. LIBERTY MUTUAL INSURANCE COMPANY et al. v.
KIRKLAND.

QUILLIAN, Presiding Judge.
This is an appeal from a judgment of the superior court affirming an award of the State Board of Workers' Compensation. The award assessed attorney's fees against the appellants for failure to comply with Code Ann. § 114-705 (Code § 114-705, as amended through Ga. L. 1978, pp. 2220, 2227) without reasonable grounds.

The award of the administrative law judge states in part: "Board Rule 705 (h) provides where income benefits have been continued for more than 60 days after the due date of first payment of compensation, benefits may be suspended only on the grounds of change in condition or newly discovered evidence. In this case, claimant did not undergo a change in condition nor was there newly discovered evidence which would warrant suspension of benefits.

"Code § 114-712 (b) (2, 3) provides for the assessment of attorney's fees if any provision of Code § 114-705, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his rights under that section and the claimant prevails. In this case, the reason given by the employer/insurer for its failure to comply with *Code § 114-705 is insufficient.*

"The employer/insurer are directed to pay claimant's attorney in a lump sum 25% of all weekly benefits payable to claimant from September 29, 1979, until the date of this award, plus 25% of all weekly benefits as may be paid thereafter, without deduction from benefits paid to the claimant."

The full board adopted this award with the exception that the attorney's fees were limited to a period of 400 weeks unless sooner terminated. *Held:*

1. The evidence was sufficient to support the findings of fact that the appellant failed to comply with Code Ann. § 114-705 without

reasonable grounds.

2. Code Ann. § 114-712 (Code § 114-712, as amended through Ga. L. 1978, pp. 2220, 2234) provides in part: "(b) Assessment against opposing party . . . (2) If any provision of Code Section 114-705, without reasonable grounds, is not complied with and a claimant engages in service of an attorney to enforce his rights under that section and the claimant prevails, the reasonable fee of the attorney as determined by the Board and the cost of the proceedings may be assessed against the employer. (3) Any assessment of attorney's fees made under this subsection shall be an addition to the compensation ordered and shall be made in a lump sum to the attorney for the non-offending party." The purpose of this statute is to prevent the claimant from having to pay attorney's fees to enforce his rights under Code Ann. § 114-705 when the employer has failed to comply with the provisions thereof without reasonable grounds.

The award assessing attorney's fees was erroneous for two reasons. The first reason is that because there was no evidence presented as to what a reasonable attorney fee would be for the services which the claimant's attorney rendered in connection with the proceedings before the board. To authorize an award of attorney's fees there must be evidence presented as to what is a reasonable value of the services which have been rendered by the attorney. See: *U. S. Cas. Co. v. White,* 108 Ga. App. 539 (2) (133 SE2d 439); *Zurich Ins. Co. v. McDuffie,* 117 Ga. App. 90 (2) (159 SE2d 423). While the cited cases were written prior to 1978 amendment to Code § 114-712 the same principle would apply that before an award of attorney's fees can be entered there must be evidence introduced in support thereof.

Sufficient evidence to support an award of attorney's fees would not necessarily have to consist of the man hours devoted to the case but might only consist of an opinion of an expert (the claimant's attorney might well qualify as an expert) as to what a reasonable fee would be for the services rendered. The expert's opinion as to what a reasonable fee might be could depend on a number of factors other than the actual man hours spent representing the claimant.

The second reason the award was in error is because the statute clearly states that "any assessment of attorney's fees made under this subsection . . . shall be made in a lump sum." The assessment of attorney's fees in the case sub judice was not in a lump sum and therefore was not authorized.

The judgment affirming the award of the State Board of Workers' Compensation is reversed with direction that the case be remanded to the board for the purpose of entering an assessment of attorney's fees upon proper proof thereof.

*Judgment reversed with direction. Shulman and Carley, JJ.,*

*concur.*

ARGUED NOVEMBER 18, 1980 — DECIDED NOVEMBER 24, 1980.

*George T. Talley,* for appellants.
*Jack J. Helms,* amicus curiae.
*Curtis Farrar,* for appellee.