61190. UNION CARBIDE CORPORATION et al. v. COFFMAN.

CARLEY, Judge.

In this workers' compensation case the administrative law judge awarded compensation to the appellee-claimant and, also, assessed certain penalties and attorney's fees against the appellant-employer pursuant to Code Ann. § 114-705 and § 114-712, respectively. The award was affirmed by the full board and the superior court. The petition of appellants — the employer and its insurance carrier — for a discretionary appeal from the order of the superior court affirming the award of the board was granted primarily for review of the propriety of the assessment of attorney's fees. However, since we did not specifically impose any restriction upon the scope of the appeal authorized by our order, we shall consider all errors enumerated by appellants.

1. First, appellants assign as error the finding that claimant suffered a compensable injury on March 1, 1979. Also, appellants contend that the provisions of Code Ann. § 114-707 were violated because the board, among other things, failed to make findings of specific facts on the material issues in the case and failed to mention the testimony of six out of the ten witnesses who testified at the hearing.

Code Ann. § 114-707 (f) requires that the decision of the administrative law judge contain "a concise report of the case, with findings of fact and conclusions of law, and any other necessary explanation of the action taken." We have held that "[t]he purpose of this requirement is to enable the losing party to intelligently prepare an appeal and to enable the court to intelligently review such appeal." *Atlanta Transit System v. Harcourt,* 94 Ga. App. 503 (95 SE2d 41) (1956). There is no requirement that such findings make specific reference to all evidence presented at the hearing. *Southeastern Express v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39) (1923); but see *West Point Pepperell v. Payne,* 151 Ga. App. 541 (260 SE2d 412) (1979). The award of the full board states: "Upon de novo consideration of *all* evidence, the Board makes the findings and conclusions of the Administrative Law Judge its findings and conclusions." (Emphasis supplied.) Except for the fact that the findings do not specifically refer to the testimony of all the witnesses who testified at the hearing, there is no evidence that the full board

did not consider such testimony upon its review of the matter. See *Cooper v. Simmons Co.,* 154 Ga. App. 260 (267 SE2d 866) (1980). We have reviewed the findings in the instant case and believe them to be in sufficient compliance with Code Ann. § 114-707. *West Point Pepperell v. Adams,* 152 Ga. App. 3 (1) (262 SE2d 212) (1979).

Under the applicable "any evidence" standard of review, there was sufficient evidence to support a finding that on March 1, 1979, claimant suffered an aggravation of a pre-existing injury or infirmity which would constitute a compensable injury. See *General Motors Corp. v. Dover,* 143 Ga. App. 819 (1) (240 SE2d 201) (1977); *Cotton States Ins. Co. v. Rutledge,* 139 Ga. App. 729 (1) (229 SE2d 531) (1976). Claimant also presented evidence that this injury on March 1, 1979, was work related and *could* or *might* have precipitated her present disability. See *American Motorist Ins. Co. v. Corbett,* 144 Ga. App. 845 (1) (242 SE2d 748) (1978). Thus, appellants' contentions that the findings of fact do not comply with Code Ann. § 114-707 and that the evidence is insufficient to support finding of a compensable injury on March 1, 1979, are without merit.

2. Appellants also urge that the superior court erred in affirming the board's assessment of attorney's fees and penalties. The award included the following finding: "11. It was necessary for the claimant to engage the services of an attorney to enforce her rights under Code Section 114-705 and the employer and insurer have not made payments within 28 days after they became due. This subjects the employer/insurer to assessment of attorney's fees and penalties under Title 114."

Appellant's argument that the board erred in assessing penalties under Code Ann. § 114-705 is without merit. Subsection (e) of that statute provides that "[i]f any income benefits payable without an award are not paid within 14 days after becoming due, there shall be added to the accrued income benefits an amount equal to 15 per cent. . . . *unless* notice is filed under subsection (d) of this section . . ." (Emphasis supplied.) Code Ann. § 114-705 (d) provides: "If the employer controverts the right to compensation, it shall file with the board on or before the 21st day after knowledge of the alleged injury or death, a notice . . . stating that the right of compensation is controverted . . ." While appellants argue in their brief that such notice was properly and timely filed, the record on appeal does not substantiate such claim. Since there is no evidence in the record that the proper notice under Code Ann. § 114-705 was filed, the board's finding that appellants did not "make payments within 28 days after they became due" is sufficient to authorize the assessment of penalties as outlined by Code Ann. § 114-705 (e).

With respect to the assessment of attorney's fees, however, the

finding constitutes an erroneous statement of law. The allowance of attorney's fees under Code Ann. § 114-712 (b) must be predicated upon a determination that the noncompliance with Code Ann. § 114-705 of the party against whom such fees are to be assessed was "without reasonable grounds." This presents an issue of fact for determination by the board. *McCoy v. J. D. Jewell, Inc.,* 123 Ga. App. 175 (179 SE2d 654) (1971); *Pacific Employers Ins. Co. v. Peck,* 129 Ga. App. 439 (200 SE2d 151) (1973). Merely engaging an attorney to enforce rights under Code Ann. § 114-705 does not authorize the claimant to an award of attorney's fees under Code Ann. § 114-712 (b) (2) unless the employer's noncompliance with Code Ann. § 114-705 was "without reasonable grounds." The finding in the instant case relating to the assessment of attorney's fees is silent as to whether or not appellants' noncompliance with Code Ann. § 114-705 was "without reasonable grounds." Thus, the findings do not support the award of attorney's fees under Code Ann. § 114-712 (b) (2). As the evidence does not demand a finding that the relevant actions or inactions of the appellants were "without reasonable grounds" to support them, the case must be remanded to the board for further findings to decide the issue. *Greyhound Van Lines v. Collins,* 132 Ga. App. 806 (209 SE2d 250) (1974); *General Acc. &c. Corp. v. Titus,* 104 Ga. App. 85, 88 (121 SE2d 196) (1961).

Even if the assessment of attorney's fees against appellants had been accompanied by proper findings, the award in the instant action would be improper for two reasons. First, since appellants were directed to pay claimant's attorney 33-1/3% of all weekly payments as attorney's fees, there was no "lump sum" award of attorney's fees as required by Code Ann. § 114-712 (b) (3). Secondly, there appears to have been no evidence presented as to the reasonable value of the services rendered by claimant's attorney. A holding that the attorney's fees award in this case is invalid is mandated by our recent decision in *Liberty Mutual Ins. Co. v. Kirkland,* 156 Ga. App. 576 (275 SE2d 152) (1980).

Accordingly, the judgment of the superior court affirming the award of compensation and penalties is affirmed, but insofar as that judgment affirmed the award of attorney's fees, it is reversed with direction that the case be remanded to the board for further proceedings not inconsistent with this opinion. *U. S. Cas. Co. v. White,* 108 Ga. App. 539 (3) (133 SE2d 439) (1963).

*Judgment affirmed in part and reversed in part with direction. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 8, 1981 —
REHEARING DENIED APRIL 24, 1981

*James B. Hiers, Jr.,* for appellants.
*C. Eugene Gilbert,* for appellee.