61345. SUNBELT AIRLINES et al. v. HUNT.

SOGNIER, Judge.

This appeal is from a judgment of the superior court affirming an award of the State Board of Workers' Compensation.

1. Appellant contends that the trial court erred by affirming the award because there was insufficient evidence to support the award. After a close review of the record we find there was ample evidence to support the award as to compensation, and under the any evidence rule, we affirm the judgment of the superior court as to compensation. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65) (1976).

2. Appellant also contends that the trial court erred in affirming the award where the ALJ and the Board failed to include findings of fact with respect to the penalties imposed under Code Ann. § 114-705 (e). However, the ALJ found specifically that "The employer and insurer did not file with the Board a Form WC 3 nor have they paid any compensation to the claimant since the date of his injury." The Board adopted the findings of the ALJ as its own findings. Implicit in the ALJ's findings is that the employer failed to controvert the right to compensation by filing notice under Code Ann. § 114-705 (d) and failed to pay compensation within 14 days after it became due. Such findings are supported by the evidence and are sufficient. *Owens-Illinois v. Lewis,* 150 Ga. App. 640, 641 (258 SE2d 293) (1979); *Union Carbide Corp. v. Coffman,* 158 Ga. App. 360 (1981).

3. The ALJ also found ". . . that the employer/insurer are liable for attorney's fees because the claimant was required to hire an attorney to pursue his claim under the Worker's Compensation Act." There was no finding that noncompliance with Code Ann. § 114-705, which is required in order to assess attorney fees, was "without reasonable grounds." Code Ann. § 114-712 (b). Thus, the findings do

not support the award of attorney fees under Code Ann. § 114-712 (b) (2), and the evidence does not demand a finding that appellants acted "without reasonable grounds" in failing to comply with Code Ann. § 114-705. *Union Carbide Corp. v. Coffman,* supra.

In addition, appellants were directed to pay claimant's attorney "in a lump sum, 33 1/3% of all weekly benefits paid to the claimant ..." However, no evidence was presented as to the reasonable value of the services rendered by claimant's attorney. Such proof is required under our recent decision in *Liberty Mutual Ins. Co. v. Kirkland,* 156 Ga. App. 576, 577 (275 SE2d 152) (1980). See also *Union Carbide Corp. v. Coffman,* supra. Thus, we must remand the case to the Board for further consideration of the issue of assessment of attorney fees.

4. Appellant contends that the trial court erred in failing to consider its constitutional claims regarding Code Ann. §§ 114-705 and 114-712. We find that the constitutional claims were raised properly in a letter brief before the Board. *Harrison v. Southern Talc Co.,* 245 Ga. 212, 213 (264 SE2d 2) (1980). However, the brief was omitted inadvertently when the record was transmitted to the superior court for consideration. Thus, the case must be remanded first to the Board for consideration of attorney fees, and thereafter to the superior court for consideration of the constitutional issues raised with regard to penalties assessed against appellants.

*Judgment affirmed in part; reversed in part with direction. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MAY 1, 1981.

*Raymond H. Cox,* for appellants.
*William D. Sparks,* for appellee.