70315. OVERMAN v. ALL CITIES TRANSFER COMPANY et al.
(336 SE2d 341)

BEASLEY, Judge.

We granted claimant's application for discretionary review from a judgment of the Fulton Superior Court affirming the award of the State Board of Workers' Compensation and this appeal followed. The sole issue presented concerns the award of attorney fees.

Claimant sustained an injury arising out of and in the course of his employment on February 21, 1980. He began receiving payments of $110 per week which continued until 1982 when employer/insurer filed for a change in condition. On September 2, 1980, claimant em-

ployed attorney Todd under a contingent fee agreement whereby Todd was "to receive 33⅓% of all funds recovered, and in consideration thereof the said attorney agrees to conduct and prosecute the claim with due diligence to a conclusion, whether it be by way of settlement or by an action at law."

Attorney Todd represented claimant at the change of condition hearing which resulted in an award terminating claimant's weekly benefits. Thereafter, the matter was appealed to the full board which adopted the ALJ's award. The time for appealing this decision expired. Attorney Todd then notified claimant he had negotiated a settlement for $6,000 after allowing credits for overpayments and advancements made to claimant. Claimant then terminated his agreement with attorney Todd. According to claimant he was concerned about medical expenses and was told he could not receive any under the settlement. A copy of the unexecuted agreement shows that all past medical expenses and future ones incurred not later than 6 months after the date of the agreement would be provided for. Claimant recited that he never saw the purported agreement. According to Todd, after negotiating a tentative settlement, he advised claimant that more money might be obtained if claimant was willing to wait but claimant insisted that negotiations be finalized. After Todd obtained a stipulation of agreement and presented it, claimant refused to sign it and subsequently terminated his relation with Todd.

The claimant then employed attorney Woods under an agreement providing the attorney would receive 25% of any recovery of income benefits without a hearing and 33-⅓% after a hearing. Attorney Woods then negotiated a settlement for $7,500 including, in addition to all overpayments and advancements, past medical costs and future expenses for 12 months following the approval of the agreement. The board approved the agreement on October 19, 1983. The claimant received $5,000 with the remaining amount being held in escrow pending a hearing. The ALJ then considered the question as to the amounts to be apportioned between the two attorneys. The award recited the pertinent facts and then held: "Attorney William F. Woods was successful in improving the settlement in the amount of $1,500.00. I conclude and find as fact his entitlement would be in the amount of $375.00 according to the contract he signed with the claimant providing for 25 percent of the recovery of income benefits without a hearing.

"As attorney Todd had been through a hearing and a long period of representation of claimant resulting in a proposed settlement of $6,000.00, I find that he is entitled to 33-⅓ percent, or the sum of $2,000.00. Employer/insurer should remit the remaining $125.00 to claimant." The full board adopted the ALJ's award as its own. The superior court affirmed the board.

Here, in addition to the above facts, claimant argues that attorney Woods also obtained a change in physician for him over objection by employer/insurer, which resulted in his being the recipient of an operation which has measurably improved the condition of his back. We are urged to reverse the lower court's judgment because attorney Todd did not obtain a recovery and thus under the contingency agreement was not entitled to a fee.

"Where there is an agreement for the payment of a contingent fee, the happening of the contingency is a condition precedent to the right of the attorney to recovery for his services, and the precise event which was contemplated must happen." *Byrd v. Clark*, 170 Ga. 669 (2) (153 SE 737) (1930). This court thoroughly discussed the principles involved in *Thomas v. Postell*, 77 Ga. App. 784, 786 (49 SE2d 835) (1948), wherein it was held:

" 'An attorney at law cannot recover the whole or any part of a contingent fee upon an express contract of employment, where the contingency provided for by the contract has not been brought about, although the entire work or service of the attorney has been duly performed, and although the possibility of the contingency being brought about is prevented by the subsequent wrongful conduct of the person for whose benefit the services were engaged, and with the subsequent continuing passive acquiescence of the client. Whether the undertaking would have proceeded to a successful or unsuccessful final determination had the client not passively acquiesced in the wrongful conduct is necessarily merely conjectural, and could not be considered in determining the question of liability.' "

While recognizing there can be no recovery under a contingent fee contract where the contingency does not occur, this court observed: "Where there is a contingent fee arrangement between a client and his attorney and the client prevents the contingency from happening, the attorney is entitled to reasonable attorney's fees for his services that have been rendered on behalf of the client." *Bearden v. Lane*, 107 Ga. App. 424, 425 (1) (130 SE2d 619) (1963). Thus, although prevented from recovering under the contract, the attorney still has his remedy in quantum meruit. *Dorsey v. Edge*, 75 Ga. App. 388, 392 (2) (43 SE2d 425) (1947); *Brookhaven Supply Co. v. Rary*, 131 Ga. App. 310, 312 (4) (205 SE2d 885) (1974); *Hopkins v. Steele*, 164 Ga. App. 527, 528 (297 SE2d 528) (1982). Here attorney Todd clearly failed to recover any funds. Thus, he could not recover based on the contract. While there is evidence to authorize a finding that the claimant prevented the contingency from happening, the theory under which recovery may be had is quantum meruit which requires proof as to the reasonable value of the attorney's services. See *Liberty Mut. Ins. Co. v. Kirkland*, 156 Ga. App. 576 (275 SE2d 152) (1980).

At the hearing, attorney Todd testified extensively as to the

number of hours he worked and as to the value of his services which were in excess of $3,000. However, the ALJ did not base his finding on the reasonable value of Todd's services but found he was entitled to 33-⅓ % of the proposed settlement of $6,000 or $2,000. In apportioning the award, he also gave no consideration to the fact that attorney Woods had obtained for claimant past medical expenses and future expenses for 12 months in addition to the $7,500 in cash.

An award of the State Board of Workers' Compensation sustained by any evidence will be affirmed (*Blackwell v. Liberty Mut. Ins. Co.*, 230 Ga. 174, 175 (196 SE2d 129) (1973)) except when it is based on an erroneous legal theory by which the board has not considered all the evidence in the light of correct and applicable principles. *Williams v. Morrison Assur. Co.*, 138 Ga. App. 191, 193 (1) (225 SE2d 778) (1976). Therefore, this case should be reversed and remanded to the board for findings based on the proper standard for recovery of attorney fees.

*Judgment reversed with direction that it be remanded to the board for further findings in conformity with this opinion. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 16, 1985.

*William F. Woods*, for appellant.
*B. Allen Bladen, Joseph M. Todd*, for appellees.