70936, 71066. STATE OF GEORGIA et al. v. MITCHELL
(two cases).
(339 SE2d 384)

POPE, Judge.

Dr. Mary L. Mitchell was employed by the Georgia Department of Education (DOE) as the Director of Teacher Education. She stayed in Atlanta where she worked during the week and returned to her home in Macon on weekends. Her duties included traveling the southeast to lecture at colleges on effective teaching techniques. On Thursday, October 20, 1983 Mitchell drove to the residence of another DOE employee, parked her personal vehicle and proceeded in a state vehicle for a tour of colleges in north Georgia and Tennessee. After returning the following afternoon, Mitchell switched to her personal car and proceeded south on I-285 where her car was struck from behind by another vehicle. The route being taken led both to Mitchell's home in Macon and to her office at the Twin Towers. She stated that she was going to her office to leave records (which were required for security to be left there over the weekend) and then proceed home. The injury suffered apparently affected her speech and memory. She utilized all available sick and annual leave and was obliged to cease her employment on January 17, 1984. DOE filed a first report of injury on February 15, 1984 and a notice to controvert payment on February 29.

The ALJ entered an award for Mitchell. The full board affirmed the award with additional findings of fact and also imposed a 15% penalty and attorney fees for the failure to timely file the notice to controvert under OCGA § 34-9-221 (d) and further failure to begin payments of income benefits within 14 days pursuant to OCGA § 34-9-221 (e). The superior court affirmed the board and this court granted an application for discretionary review filed by DOE.

Because we extended the scope of our original grant from solely whether there was any evidence to sustain the assessment of attorney fees to a consideration of the entire application, there are two appeals: Case No. 70936 involving the imposition of a penalty and attorney fees, and Case No. 71066 involving whether Mitchell gave notice to DOE within the purview of OCGA § 34-9-80. Two notices of appeal are necessary when we broaden the scope of the grant of the discretionary (or for that matter, interlocutory) appeal because the filing of

the notice in the lower court affects the time period in which the enumeration of errors must be filed in this court. Court of Appeals Rule 27 (a). For simplicity, however, we will preserve the single nature of the appeal. It will then be sufficient simply to supplement the first enumeration of errors, within the time measured from the filing of the second notice below and the docketing thereof here, and file supplemental briefs and a supplemental record if necessary, as are liberally provided for. OCGA §§ 5-6-41 (f) and 5-6-58 (d); Court of Appeals Rule 12.

1. In Case No. 71066 DOE contends that it did not have notice of the accident since Mitchell was in her own vehicle on a route which would take her home; that she did not claim travel expenses for that portion of her time; that she informed her own doctor the injury did not take place on the job and never notified her supervisor that she was injured on the job.

The evidence showed DOE was aware of Mitchell's injury as it required her to take all her sick and annual leave allowances. There was also evidence that DOE knew that she was returning from an overnight trip on DOE's behalf when she was injured. Further, her supervisor related that the records Mitchell had with her at the time she was injured should indeed have been returned to the office for safekeeping over the weekend.

The question as to adequacy of notice of the accident required by OCGA § 34-9-80 was laid to rest in *Schwartz v. Greenbaum*, 236 Ga. 476 (1) (224 SE2d 38) (1976), which renounced a prior Supreme Court decision to the contrary (*Royal Indem. Co. v. Coulter*, 213 Ga. 277 (98 SE2d 899) (1957)) and held: "In *Lumbermen's Mut. Cas. Co. v. Griggs*, 190 Ga. 277, 287 (9 SE2d 84) (1940) this court said that a liberal construction must be given to effectuate the humane purposes for which the Workmen's Compensation Act was enacted. Code § 114-303 [now OCGA § 34-9-80] does not require that *notice* of an injury or accident must show that it 'arose out of and in the course of the employment.' Therefore, this court will no longer follow the ruling set out in the *Coulter* decision. This court finds that the better rule is stated in *Davison-Paxon Co. v. Ford*, 88 Ga. App. 890, 892 (78 SE2d 257) (1953) which holds: 'The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. *Railway Express Agency v. Harper*, 70 Ga. App. 795 (29 SE2d 434).' " *Schwartz v. Greenbaum*, supra at 477. DOE's position here is in effect a reargument of the *Coulter* position which is now discredited. See *Jones v. Fieldcrest Mills*, 162 Ga. App. 848 (1) (292 SE2d 523) (1982).

The full board found: "The employer received notice of the accident and injury to claimant shortly after it occurred, and was aware

of the fact that claimant was returning from a trip on behalf of the employer at that time. This was ample notice to the employer to make a further investigation into the circumstances surrounding the accident if it so chose." Since there was some evidence to sustain the board's finding, and it applied the correct law, we apply the any evidence test and affirm. See *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65) (1976).

2. Case No. 70936 involves the assessment of attorney fees and a 15% penalty under OCGA §§ 34-9-108 and 34-9-221.

(a) Because there was evidence that DOE received notice of the injury, it was incumbent upon it to meet the requirements of OCGA § 34-9-221 (e). DOE's failure to comply therewith authorized the board's imposition of the 15% penalty of that section. See *Union Carbide Corp. v. Coffman*, 158 Ga. App. 360 (2) (280 SE2d 140) (1981).

(b) There are different requirements insofar as attorney fees are concerned. First, the allowance of attorney fees under OCGA § 34-9-108 (b) must be predicated upon a determination that the proceedings were defended in whole or in part without reasonable grounds or that there were no reasonable grounds for noncompliance with OCGA § 34-9-221. See *Union Carbide Corp. v. Coffman*, supra. In this case the board found the second circumstance, 'i.e., OCGA § 34-9-108 (b) (2), in that DOE, the employer, did not file the notice to controvert within 21 days of its knowledge of the injury and that there were no reasonable grounds for this failure. Additionally, however, there must be evidence as to the reasonable value of the services rendered by Mitchell's, the claimant's, attorney. *Sunbelt Airlines v. Hunt*, 158 Ga. App. 429 (3) (280 SE2d 435) (1981); *Liberty Mut. Ins. Co. v. Kirkland*, 156 Ga. App. 576 (2) (275 SE2d 152) (1980). Although a contingent fee contract entitling the attorney to 1/3 of the income benefits payable to Mitchell was introduced, there was no evidence of the reasonable value of the attorney's services. See *Copelan v. Burrell*, 174 Ga. App. 63 (2) (329 SE2d 174) (1985), establishing the rule requiring evidence of value for an award of attorney fees under OCGA § 34-9-126 (b), imposing it in part because of the corresponding rule which applies when the award is under OCGA § 34-9-108 (b) here in force. Thus, that portion of the judgment affirming the award of attorney fees must be reversed with direction that the case be remanded to the board for further proceedings not inconsistent with this opinion. See *Copelan v. Burrell*, supra; *Union Carbide Corp. v. Coffman*, supra.

We do not view the holding in *Overman v. All Cities Transfer Co.*, 176 Ga. App. 436 (336 SE2d 341) (1985), as requiring a result different from that reached here. The issue in the case at bar, as in *Overman*, is not the propriety of the imposition of an award of attorney fees but merely the amount of same. The dissent's opinion as to

attorney fees in this case works solely to the benefit of the wrongdoer, viz, the employer who has been found to have violated the provisions of OCGA § 34-9-221 as well as § 34-9-108 (b). Such a result is contrary to the punitive intent of OCGA § 34-9-108 (b).

Also, the dissent's proposed direction to the superior court is erroneous procedurally. "On an appeal in a [workers'] compensation case, the superior court has authority and jurisdiction only to affirm or reverse as a matter of law and sometimes to give directions." *American Cas. Co. v. Harris*, 96 Ga. App. 720, 723 (101 SE2d 618) (1957). The same applies to this court. See *Calhoun v. Mergentine/ KVN &c.*, 165 Ga. App. 610 (1) (302 SE2d 401) (1983). The superior court "has not that discretion to set aside an order or decree of the [workers' compensation board] which he exercises in passing upon motions for new trial and petitions for certiorari in cases where the evidence would authorize a finding or judgment for either party. [Cits.]" *U. S. F. & G. Co. v. Hall*, 34 Ga. App. 307, 308 (129 SE 305) (1925). The effect of the dissent's proposed directive in this case is to mandate the exercise of such discretion. Either this court must simply reverse the award of attorney fees in this case (see, e.g., *Hartford Accident &c. Co. v. Fuller*, 102 Ga. App. 384, 387 (1) (116 SE2d 628) (1960)), or we must remand the case to the superior court with appropriate directions to recommit the matter to the board for resolution, which we have done. There is no legal or logical basis for bifurcating the appellate process in this case.

*Judgment affirmed in part and reversed in part in 70936; judgment affirmed in 71066. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, and Benham, JJ., concur. Deen, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting in part.

I concur fully in Case No. 71066. As to Case No. 70936, I agree with subdivision (a) regarding the 15% penalty but I have a procedural difference when it comes to subdivision (b) regarding attorney fees.

Since there is no evidence, this case differs procedurally from *Overman v. All Cities Transfer Co.*, 176 Ga. App. 436 (336 SE2d 341) (1985). There we remanded for findings based on application of the correct legal principles relating to the standard for recovery of attorney fees. But application here would result as a matter of law in no recovery because of a fatal dearth of evidence presented. As I understand OCGA § 34-9-105 (d), however, there is room for the superior court to exercise discretion as to whether to recommit to the board for additional evidence or itself enter a proper judgment reversing the award because on the present record the board's findings are not supported by the evidence since it is insufficient. OCGA § 34-9-105 (c)

(4). The word "may" is used in subsection (d): the superior court "may recommit . . . for further hearing" or it "may enter the proper judgment upon the findings [of the board]. . . ." The superior court is instructed to decide which of these two avenues to take based upon a consideration of what "the nature of the case may demand."

The leading case on the subject is *Hartford Accident & Indem. Co. v. Cox*, 191 Ga. 143, 144 (11 SE2d 661) (1940). "The statute . . . plainly and unambiguously vests in the superior court, 'upon the setting aside' of the decision appealed from, *discretion* to 'recommit the controversy' to the Industrial Board for such further proceedings as the court may specifically direct." (Emphasis supplied.) Id. at 144. The Court refers to "the power" to remand a case to the board for the purpose of hearing additional evidence. I do not take this to mean that the superior court is *obligated* to do so. See also *Ga. Power Co. v. Crutchfield*, 125 Ga. App. 488, 489 (3) (188 SE2d 140) (1972) ("This judgment of reversal is not to be construed as precluding the trial court from exercising its discretion to recommit the award to the State Board of Workers' Compensation to hear additional evidence . . . ."); *Hartford Accident & Indem. Co. v. Snyder*, 126 Ga. App. 31, 35 (6) (189 SE2d 919) (1972) ("if the award were unsupported by competent evidence in the record, the matter *could* be remanded to the board for hearing further evidence. . . ." [Emphasis supplied.]); *Chambers v. Powell*, 126 Ga. App. 393, 395 (190 SE2d 823) (1972). This power could include consideration of whether claimant exercised ordinary diligence in presenting evidence. *Hartford Accident & Indem. Co. v. Cox*, supra. Reopening the evidence before the board after the claimant has had full opportunity to present proper proof in support of attorney fees further delays the process, results in piecemeal litigation, and rewards lack of diligence. At least since the 1980 case of *Liberty Mut. Ins. Co. v. Kirkland*, 156 Ga. App. 576, 577 (2) (275 SE2d 152) (1980), it has been abundantly clear what kind of evidence was necessary. Concerns about unnecessary litigation costs and delay as well as the involvement of several levels of judicial scrutiny, all of which could easily have been avoided, could and should be taken into account. Nevertheless, there is a choice, and the choice is the superior court's, not ours.

I am authorized to state that Presiding Judge Deen joins in this dissent.

DECIDED DECEMBER 5, 1985 —
REHEARING DENIED DECEMBER 19, 1985 — ▮▮▮▮▮▮▮▮▮

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Marion O. Gordon, First Assis-*

tant Attorney General, Wayne Yancey, Senior Assistant Attorney General, Susan L. Rutherford, Assistant Attorney General, Tash J. Van Dora, Richard G. Farnsworth, John M. Williams, Special Assistant Attorneys General, for appellant.
Elaine W. Whitehurst, Robert D. Ingram, for appellee.