## 72755. HARDEE'S et al. v. BAILEY.
### (349 SE2d 211)

POPE, Judge.

In this workers' compensation case the administrative law judge (ALJ) awarded compensation to appellee/claimant and, also, assessed certain penalties and attorney fees against appellant/employer pursuant to OCGA § 34-9-221 (e) and § 34-9-108 (b) (2), respectively. The award was affirmed by the full board and the superior court. We granted this petition of appellants — employer and its insurance carrier — for a discretionary appeal from the order of the superior court affirming the award of the board.

1. The award provides for the payment of attorney fees by appellants "without deduction from benefits due to the claimant, an amount representing 33-⅓ % of all income benefits and penalties which have accrued to date, and an amount representing 33-⅓ % of all income benefits and penalties which are payable in the future," for a period not to exceed 400 weeks unless sooner terminated. Appellants' first enumeration assigns error to the assessment of add-on attorney fees calculated not only on income benefits but on penalties as well. Appellants argue that penalties are not income benefits or "compensation" under OCGA § 34-9-108 (b) (3) which provides that "[a]ny assessment of [attorney] fees made under this subsection shall be in addition to the compensation ordered." The issue thus presented for resolution is whether "compensation" under OCGA § 34-9-108 (b) (3) includes penalties imposed for violation of OCGA § 34-9-221.

The apparent purpose of OCGA § 34-9-221 is to provide immediate financial assistance to injured employees and to furnish a speedy, inexpensive and final settlement of their claims. *Southeastern Aluminum Recycling v. Rayburn*, 172 Ga. App. 648 (1) (324 SE2d 194) (1984). Failure to timely comply with the provisions of OCGA § 34-9-221 subjects an employer to a penalty. As is pertinent here, subsection (e) of the statute provides: "If any income benefits payable without an award are not paid within 14 days after becoming due, there

shall be added to the accrued income benefits an amount equal to 15 percent thereof, which shall be paid at the same time as, but in addition to, the accrued income benefits unless [certain conditions have been met]."[1]

"The State Board of [Workers'] Compensation is an administrative body possessing only the power conferred upon it by statute to administer the [workers'] compensation act. [Cits.] Although the act is in derogation of the common law, it is remedial in its nature and purpose and should be liberally construed to give effect to the purposes for which it was enacted. [Cits.] A reasonable and logical application of the act should be had according to the ordinary and usual acceptation and signification of its terms. [Cits.]" *Wilson v. Maryland Cas. Co.*, 71 Ga. App. 184, 188 (30 SE2d 420) (1944). Applying these general rules to the statutory provisions here in issue, we believe a penalty imposed for violation of OCGA § 34-9-221 is properly characterized as part and parcel of the compensation awarded. It is an increase in compensation awarded rather than a separate and distinct benefit. Cf. *Anderson v. Workers' Compensation Appeals Bd.*, 116 Cal. App. 3d 954 (172 Cal. Rptr. 398) (1981). This view is in accord with the more liberal or "inclusive" construction usually given the word "compensation" when construing the Workers' Compensation Act. See *Western Union Tel. Co. v. Smith*, 50 Ga. App. 585 (3) (178 SE 472) (1935). Accordingly, in the case at bar the award of attorney fees under OCGA § 34-9-108 (b) was correctly assessed in addition to the "compensation" ordered, namely, the accrued income benefits awarded as increased by the penalty assessment of OCGA § 34-9-221 (e).

2. Appellants next challenge the sufficiency of the evidence to support the amount awarded as attorney fees. The record on appeal discloses that counsel for claimant requested the ALJ to impose attorney fees under OCGA § 34-9-108 (b) based upon his employment contract with the claimant. However, recognizing that the ALJ had discretion in this matter to award an hourly rate, counsel stated in his place that he has been an attorney for seven years, that his rate is $75 an hour, that that is a reasonable rate for the middle Georgia area, and that he had expended approximately 18 hours in this case through the hearing. Counsel again requested the imposition of attorney fees based upon the employment contract rather than the hourly rate; however, the contract itself was not tendered into evidence, and it does not appear of record on appeal.

In whatever manner the board assesses attorney fees against an

---

[1] OCGA § 34-9-221 (e) was amended effective July 1, 1985, substituting "when" for "within 14 days after becoming" following "If any income benefits payable without an award are not paid. . . ." Ga. L. 1985, p. 727, § 7.

employer and its insurance carrier, the board must base that decision upon appropriate grounds and also upon evidence of the reasonable value of the attorney's services. *State of Ga. v. Mitchell*, 177 Ga. App. 333 (2) (339 SE2d 384) (1985). "It is advisable in each case in which the claimant's attorney seeks add-on [attorney] fees to state in his or her place before the [ALJ or the] board that there is an [attorney] fees contract in the board file [or have a copy marked as an exhibit and tendered as evidence], that he relies upon that . . . contract, that it is the standard in the claimant's practice in workers' compensation in the State of Georgia to accept cases on the basis of contingency fees pursuant to [such] contract, and that the percentages in the . . . contract reflect the reasonable value of his services in the case. It is not necessary to call another attorney to testify in regard to [attorney] fees, but it is sufficient for any claimant's attorney to state the above in his own place. However, it is essential to have some evidence of reasonable value of services from which the board can rely to make an award of [attorney] fees." Hiers & Potter, Ga. Workers' Compensation — Law & Practice, § 22-2 (1985 Supp.). See *Liberty Mut. Ins. Co. v. Kirkland*, 156 Ga. App. 576 (2) (275 SE2d 152) (1980). It is clear from the record on appeal that the award of attorney fees in this case is not based upon the evidence actually submitted as to the reasonable value of the claimant's attorney's services. Thus, that portion of the judgment affirming the award of attorney fees must be reversed with direction that the case be remanded to the board for the purpose of entering an assessment of attorney fees upon proper proof. *State of Ga. v. Mitchell*, supra at (2b); *Moon v. Cook & Co.*, 170 Ga. App. 569 (1b) (317 SE2d 642) (1984).

3. Appellants' fourth enumeration cites as error the ALJ's taking "judicial notice" of the late filing of their notice to controvert contained in subsection C of the form WC-1, which is a part of the record on appeal. Form WC-1 is entitled "Employer's First Report of Injury or Occupational Disease" and is comprised of three subsections. As is pertinent here, subsection A is essentially a report of the accident and subsection C is notice to controvert payment of compensation. In support of this enumeration, appellants cite OCGA § 34-9-61 (b) which provides in pertinent part that accident reports filed with the board "shall not be used as evidence against any employer in any action at law brought by any employee for the recovery of damages or in any proceeding under this chapter."

The record discloses that the ALJ properly excluded claimant's tender of the WC-1 form as evidence at the hearing as the tender included the accident report contained in subsection A of the form. See *Jones v. American Mut. &c. Ins. Co.*, 45 Ga. App. 392 (1) (165 SE 167) (1932). As noted above, however, the WC-1 form contains three separate subsections. What the ALJ took "judicial notice" of was lim-

ited to subsection C, the date of filing of appellants' notice to controvert. The record thus discloses no violation of OCGA § 34-9-61 (b). See also *Boaz v. K-Mart Corp.*, 254 Ga. 707 (2) (334 SE2d 167) (1985).

4. In light of our holding in Division 2, supra, we do not reach the merits of appellants' fifth enumeration of error challenging the amount of the award of attorney fees as excessive in this case. However, as to this issue see generally *Norris v. Kunes*, 166 Ga. App. 686 (305 SE2d 426) (1983).

5. Appellants' sixth enumeration of error is controlled adversely to them by the holding in *Union Carbide Corp. v. Coffman*, 158 Ga. App. 360 (1) (280 SE2d 140) (1981).

6. Appellants' seventh enumeration of error, challenging the factual basis for the board's award of temporary total disability benefits to claimant, must fall before the "any evidence" rule set forth in *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65) (1976).

7. Appellants' final enumeration assigns as error the award of medical expenses incurred before claimant filed a workers' compensation claim. The ALJ found: "A properly constituted panel of physicians was posted at the Hardee's restaurant . . . on November 5, 1984 [, the date of claimant's injury.] When the claimant sought medical attention from chiropractor Milner on November 16 she did not attempt to see a doctor listed on the panel because she forgot about its existence. The assistant manager, who was aware that she was attempting to see a chiropractor, did not otherwise instruct the claimant. This claim has been controverted in its entirety by the employer/insurer, and I find, pursuant to Board Rule 201 (b), that the medical expenses which the claimant has incurred are therefore authorized."

Board Rule 201 (b) provides: "The employer/insurer cannot restrict treatment of claimant to the panel physicians where they have controverted the claim." However, "[i]t is undisputed that [claimant] sought and received treatment *before* filing a claim for benefits [on December 3, 1984] and thus *before* [appellants] had an opportunity to controvert the claim. Under such circumstances, we will not construe Rule 201 (b) to prevent [appellants] from denying responsibility for the charges, thereby subverting the intent and meaning of OCGA § 34-9-201." *Scandrett v. Talmadge Farms*, 174 Ga. App. 547, 550 (330 SE2d 772) (1985). It follows that the award of medical benefits based upon Rule 201 (b) in this case was erroneous and must be reversed.

Nevertheless, the record here discloses factual issues as to whether appellants had notice of claimant's injury prior to the filing of the claim, and, notwithstanding said notice, failed in their obligation under OCGA § 34-9-201 (b) to take all reasonable measures to ensure that claimant understood the function of the panel of physi-

cians and was given appropriate assistance in contacting panel members. This is particularly pertinent in light of the board's finding that appellants had notice that claimant was seeking medical attention from chiropractor Milner, who was not on the employer's list of physicians. Additionally, there is a factual dispute as to whether Milner's office telephoned the manager of Hardee's prior to beginning treatment on claimant and received his permission to proceed. See generally *Gulf American Fire &c. Co. v. Taylor*, 150 Ga. App. 179, 181 (257 SE2d 44) (1979). Moreover, not all the medical treatment here was incurred prior to claimant's formal filing of her claim with the board; any such treatment found to have been received subsequent to claimant's filing of her claim would appear to be subject to Board Rule 201 (b). Therefore, that portion of the judgment affirming the award of medical benefits must also be reversed with direction that the case be remanded to the board for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part; reversed in part with direction. Mc-Murray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 4, 1986 —
REHEARING DENIED SEPTEMBER 18, 1986

*Gregory T. Presmanes, Gwendolyn R. Tyre, Andrew J. Hamilton, Roger A. Cone*, for appellants.
*Malcolm G. Lindley*, for appellee.