A05A1680. SEARS v. MACON WATER AUTHORITY.
(622 SE2d 867)

JOHNSON, Presiding Judge.

On November 22, 2002, while employed as a painter by the Macon Water Authority, Stanley Sears fell 12 to 15 feet from a ladder and sustained several fractured bones and other injuries. He was taken by ambulance to a hospital and admitted. On November 26, two days after his release from the hospital, Sears suffered a heart attack. The Water Authority acknowledged that the accident arose out of and in the course of Sears' employment but, in its notice to controvert, challenged Sears' claim that the employer was also responsible for paying for "the following medical treatment/tests" related to the heart attack. According to the Water Authority, Sears' heart attack stemmed from a pre-existing condition, was personal in nature, and did not arise out of or in the course of employment. Therefore, the Water Authority urged, expenses related to the heart attack were not compensable.

A hearing was held to determine whether the Water Authority would be required to pay the heart attack-related expenses. The parties stipulated that if the administrative law judge (ALJ) found the heart attack compensable, then the Water Authority would be obligated to pay the medical bills listed in Claimant's Exhibit C-7.

The ALJ issued an award finding the heart attack was related to Sears' work injury. In the award, the judge noted that the day after

---

("Punitive damages are not available in actions for breach of contract.").

[22] See Court of Appeals Rule 25 (c) (2).

the fall, doctors advised Sears to discontinue taking a blood thinner he had been taking for his heart condition because surgery was necessary for his injuries. A cardiologist testified that after the blood thinner was reduced, Sears' arteries became more susceptible to clotting, and the trauma from the fall made him more susceptible to chemical changes which would have failed to prevent clotting. Sears also took pain medicine for his injuries from the fall, which the cardiologist said may have masked some of his chest discomfort. In the cardiologist's opinion, the heart attack was caused by a combination of Sears' pre-existing heart disease, physical stress from the fall, fractured bones, pain, reduction of blood thinning medication, and the chemical changes brought on by the trauma. The ALJ held that the fall constituted an aggravation of Sears' coronary artery disease, and resulted in the heart attack.[1] The judge ordered the Water Authority to pay the medical expenses listed in Exhibit C-7. The judge made no findings regarding any other medical expenses.

The Water Authority appealed the decision to the Appellate Division of the State Board of Workers' Compensation, and the award was affirmed.

The Water Authority then appealed the Appellate Division's decision to the Superior Court of Bibb County. The superior court affirmed the award, but added that the Water Authority is "not required to pay any future medical expenses related to Claimant's heart condition." Sears moved for reconsideration, requesting that the court remove the language regarding future medical expenses because that issue was never presented to or ruled upon by the ALJ or Appellate Division. The court refused to modify the language, and Sears filed an application for discretionary appeal. We granted the application.

On appeal, Sears argues that the superior court exceeded its jurisdiction by deciding an issue never addressed at the administrative level. We agree that the superior court erred in holding that the Water Authority would not have to pay any future medical expenses related to Sears' heart condition, and reverse the judgment in that regard.

It is clear from our review of the record that the question of whether any medical expenses other than those listed in Exhibit C-7 would be paid by the Water Authority was not raised or addressed in the administrative forum. The parties stipulated that the medical bills contained in Exhibit C-7 were compensable if Sears prevailed,

---

[1] See *Brown Transport Corp. v. Jenkins*, 129 Ga. App. 457 (199 SE2d 910) (1973) (heart attack compensable if claimant shows employment was a contributing proximate cause of the attack); OCGA § 34-9-1 (4) (disease may be compensable as an injury if it results naturally and unavoidably from an accident arising out of and in the course of employment).

and the ALJ directed the Water Authority to pay the medical expenses contained in that exhibit. Neither the ALJ nor the Appellate Division addressed any issues regarding future medical expenses or other expenses beyond those contained in the exhibit.

On an appeal in a workers' compensation case, the superior court has authority and jurisdiction only to affirm or reverse as a matter of law and to sometimes give directions.[2] The court may only set aside the board's decision where the board members acted without or in excess of their powers, the decision was procured by fraud, the facts found do not support the decision, there is not sufficient competent evidence to warrant the decision, or the decision is contrary to law.[3] The superior court may not substitute itself as the factfinding body in lieu of the board.[4] In fact, the superior court judge has no factfinding power, and where the board neither adopted the ALJ's findings nor made its own findings of fact, there is nothing on which a superior court judge could base a final judgment awarding compensation.[5]

In this case, the superior court went beyond its jurisdiction by making a finding of fact regarding the compensability of all future medical bills related to Sears' heart condition. Indeed, by holding that no future medical expenses related to Sears' heart condition would be compensable, the superior court essentially made a finding that the fall no longer continued to be the cause of his disability — a finding of fact not made by the board. The court even went beyond the November heart *attack* and applied the finding generally to Sears' heart *condition*. These issues were not before the board. Regardless of the intent of the superior court, the language complained of in the court order in effect closes the door on all further compensation to Sears related to his heart condition. This is a significant adverse alteration of the board's award.

The judgment of the superior court is affirmed insofar as it relates to payment of the medical expenses contained in Exhibit C-7. It is reversed as it relates to future medical expenses. The superior court is directed to amend its judgment to remove the language regarding the payment of all future medical expenses related to Sears' heart condition.

*Judgment affirmed in part and reversed in part with direction.*
*Ruffin, P. J., and Barnes, J., concur.*

---

[2] *State of Ga. v. Mitchell*, 177 Ga. App. 333, 336 (2) (b) (339 SE2d 384) (1985).

[3] OCGA § 34-9-105 (c).

[4] *Atkinson v. Home Indem. Co.*, 141 Ga. App. 687 (234 SE2d 359) (1977).

[5] *Pacific Employers Ins. Co. v. West*, 213 Ga. 296, 298-299 (2) (99 SE2d 89) (1957).

*Buzzell, Graham & Welsh, Neal B. Graham, David C. Bowers, Jr.,* for appellant.

*Edwards & Youmas, Lonzy F. Edwards,* for appellee.