*General,* for appellees.

### 57156. MODERN PROFESSIONAL AIR, INC. v. DEMAREST.

McMURRAY, Judge.

On March 30, 1977, Robert E. Demarest was killed in an airplane crash arising out of and in the course of his employment with Modern Professional Air, Inc. No issue here is involved as to the above. The employer was subject to the workmen's (now workers') compensation law, carried no insurance and had not qualified as a self insurer.

The widow subsequently filed her claim for workmen's (now workers') compensation in which an award was made in her favor. As a part of the final award, a lump sum attorney fee was awarded as a penalty under the authority of Code § 114-603, as amended by Ga. L. 1972, pp. 929, 930. Employer appeals only this part of the award which was affirmed by the superior court. *Held:*

1. Employer's complaint here is that it has been unduly penalized by the award of attorney fees of $10,795, "representing the commuted value of a contingent fee of 33 1/3% of the recovery," that is, of $35,750 payable over 343 weeks. The law is quite clear (Code § 114-603, supra) that the board may penalize an employer for refusing or wilfully neglecting to comply with the provisions of the law. The statute provides in such cases for the assessment against the employer of "compensation in an amount greater by 10 per cent than that provided for in this law, and shall also fix a reasonable attorney's fee for the representative of the employee to be paid by the employer in addition to the increased compensation," same to be paid "at once."

2. The employer contends that in order for the attorney to recover the contingent fee the benefits must have accrued, citing *Old Equity Life Ins. Co. v. Barnard,* 120 Ga. App. 596, 598 (6) (171 SE2d 636). In that case there was a collectible judgment for only $4,000 under a disability insurance policy, and this court held that the

"attorney's fees" which were payable under Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712) were collectible on the judgment in the case and not on other speculative amounts which could only be determinable in the future, same not having been adjudicated at that time. However, that case involves a penalty payable under a disability insurance contract entirely different from the penalty authorized by Code § 114-603, supra, which shall be "payable at once." No case has been cited by the employer which holds that the board was not authorized to award 1/3 of the commuted value of the total sums of 343 weeks of compensation payments. Accordingly, we find no error in the method used to fix reasonable attorney fees under Code § 114-603, supra. See in this connection *Overton-Green Drive-It-Yourself System, Inc. v. Cook,* 65 Ga. App. 274, 279 (16 SE2d 50).

*Judgment affirmed. Deen, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED JANUARY 29, 1979.

*Michael A. Kessler,* for appellant.
*Charles H. Hyatt, Ernest J. Nelson, Jr.,* for appellee.