## 69226. COPELAN v. BURRELL.
(329 SE2d 174)

CARLEY, Judge.

In this workers' compensation case the administrative law judge (ALJ) awarded compensation to appellee-claimant and also assessed certain penalties and attorney fees against appellant-employer pursuant to OCGA § 34-9-126. The award was affirmed by the full board and the superior court. Appellant's petition for a discretionary appeal from the order of the superior court affirming the award of the board was granted for the purpose of reviewing the propriety of the assessment of attorney fees.

1. OCGA § 34-9-126 (b) provides for the assessment of a penalty against an employer who "refuses or wilfully neglects" to comply with the requirements of OCGA § 34-9-126 (a) relating to proof of compliance with workers' compensation insurance laws. Appellant in the instant case did not maintain workers' compensation insurance coverage because it had been advised by its insurance carrier that it was not subject to workers' compensation laws. The ALJ found that the employer "had failed to comply" with the provisions of the Act and assessed a penalty against it.

Appellant contends that since there was no finding that it "refuse[d] or wilfully neglect[ed]" to comply with the Act, the assessment of a penalty under OCGA § 34-9-126 (b) cannot stand. However,

a failure to maintain appropriate insurance coverage is tantamount to a refusal sufficient to support the imposition of a penalty. *Jones v. Cochran*, 46 Ga. App. 360 (3) (167 SE 751) (1932); *Elliott Addressing Machine Co. v. Howard*, 59 Ga. App. 62, 65 (200 SE 340) (1938).

2. The ALJ heard no evidence on the issue of attorney fees prior to making his assessment against appellant pursuant to OCGA § 34-9-126 (b). The award of the ALJ states: "From a consideration of claimant's attorney's fee contract on file with the Board, I find that a fair and reasonable attorney's fee in this case is one-fourth (25%) of the recovery . . . ." The fee contract was not introduced into evidence and is not a part of the record of the case. Nor was there any evidence that the contract had been approved by the board. See OCGA § 34-9-108 (a). Appellant contends that since no evidence as to attorney fees was presented, the award thereof was improper.

Under OCGA § 34-9-126 (b), when an employer has refused or wilfully neglected to comply with the requirements of OCGA § 34-9-126 (a), the board "may assess" increased compensation against the delinquent employer, and "*shall* also *fix* a reasonable attorney's fee to be paid by the employer to the representative of the employee." (Emphasis supplied.) It has been held that the board may fix such a fee without the benefit of any evidence concerning the value of the legal services rendered. *Overton-Green Drive-It-Yourself System v. Cook*, 65 Ga. App. 274, 279 (16 SE2d 50) (1941). See also *Modern Professional Air v. Demarest*, 148 Ga. App. 827 (253 SE2d 244) (1979). However, we find the better rule to be that stated in *Liberty Mut. Ins. Co. v. Kirkland*, 156 Ga. App. 576, 577 (275 SE2d 152) (1980): "To authorize an award of attorney's fees there must be evidence presented as to what is a reasonable value of the services which have been rendered by the attorney. [Cits.]" See also *Union Carbide Corp. v. Coffman*, 158 Ga. App. 360, 362 (280 SE2d 140) (1981).

Appellant contends that cases such as *Liberty Mutual* and *Union Carbide* are inapposite because they involved the application of OCGA § 34-9-108, rather than OCGA § 34-9-126. OCGA § 34-9-108 (a) provides that attorney fees exceeding $100 "shall be subject to the approval of the board." Subsection (b) (1) of that statute delineates circumstances wherein the ALJ "may assess" attorney fees, and subsection (b) (2) describes situations wherein "the reasonable fee of the attorney, as determined by the board, . . . may be assessed against the employer." It is clear from the language of OCGA § 34-9-108 that an award of attorney fees thereunder is discretionary. However, as noted in *U. S. Cas. Co. v. White*, 108 Ga. App. 539 (2) (133 SE2d 439) (1963), the discretionary aspect of that statute (former Code Ann. § 114-712) relates to the *allowance* of an assessment of fees. The determination of their amount must be made in light of evidence presented.

Thus, it appears that the distinction between the "may assess" provisions of OCGA § 34-9-108 and the "shall fix" mandate of OCGA § 34-9-126 relates to the difference between a discretionary and a mandatory imposition of attorney fees. It does not concern the manner in which the amount of an award of attorney fees is determined. Neither statute specifically addresses that matter. However, both provide for awards of "reasonable" attorney fees. Whether such fees are reasonable must be determined in light of evidence of the value of services rendered in a particular case. See generally *Zurich Ins. Co. v. McDuffie*, 117 Ga. App. 90, 91 (2) (159 SE2d 423) (1968); *U. S. Cas. Co. v. White*, supra; *Talley-Corbett Box Co. v. Royals*, 134 Ga. App. 769, 770 (2) (216 SE2d 358) (1975). Accordingly, *Overton-Green*, supra, is hereby overruled to the extent that it upholds an award of attorney fees against an employer/insurer which is not supported by any evidence of the value of the legal services provided. Additionally, to the extent that it may tend to suggest that the procedure followed in *Overton-Green* is authorized, *Modern Professional Air*, supra, is also overruled.

Our ruling herein is not intended to affect the propriety or the validity of a board-approved contingency fee contract between an attorney and a claimant, to which the employer/insurer is not a party. Such a contract provides for the claimant's attorney to be paid out of the award of compensation, and places no obligation on the employer/insurer to pay the claimant's attorney fees as a separate and independent item. We hold only that when attorney fees are assessed against an employer/insurer pursuant to OCGA § 34-9-126, the award must be supported by some evidence of the value of the legal services rendered. Since no such evidence was presented in the instant case, the award of attorney fees must be vacated and remanded for a new determination.

*Judgment reversed and case remanded as to attorney fees. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Sognier, Pope, Benham and Beasley, JJ., concur.*

DECIDED FEBRUARY 28, 1985 —
REHEARING DENIED MARCH 21, 1985 —

*Alton M. Adams*, for appellant.
*Robert F. Oliver, John O. Bouwsma*, for appellee.