A92A1061. G. CARBONARA & COMPANY v. HELMS.

(423 SE2d 36)

POPE, Judge.

Defendant G. Carbonara & Company, a Georgia corporation, was employed by certain magazine publishers to act as an agent for soliciting advertisements. Defendant hired plaintiff B. J. Helms as a sales representative to solicit advertisements. The evidence shows plaintiff was guaranteed a minimum salary and was also paid a percentage of sales if that amount exceeded her base salary. No controversy exists as to plaintiff's compensation for the time during which she was employed. The parties agree that she was paid a commission of four percent of sales once the sales were finalized and payment was received from defendant's magazine clients. She was also paid an additional one percent of sales minus her travel and entertainment expenses. The evidence showed that due to the nature of defendant's business, a period of time elapsed between the date an advertiser placed an order for an advertisement and the date defendant received payment for the order from defendant's magazine client. During this period, the order could be cancelled up to a certain deadline date, in which case defendant would receive no payment for the order it or its employee solicited. The issue presented at trial in this case was whether defendant owed plaintiff a commission for advertisements she solicited before she resigned which had not been paid for and could have been cancelled by a deadline occurring after the date of her departure but which, in fact, were not cancelled and thus were eventually paid for by the advertisers.

Plaintiff filed an action alleging breach of contract and quantum meruit. At trial, the parties presented conflicting testimony concerning whether the parties ever reached an agreement concerning payment of a commission for sales which were not finalized and paid until after plaintiff was no longer employed by defendant. The jury returned a finding that no express contract existed between the parties and instead returned a verdict on plaintiff's quantum meruit claim in the amount of $15,000. Defendant appeals, arguing plaintiff presented no evidence to support her claim for quantum meruit because she presented no evidence of the value of her uncompensated services.

The reasonable value of services rendered by plaintiff and accepted by defendant is an essential element of a quantum meruit claim. *Development Corp. v. Berndt*, 131 Ga. App. 277 (205 SE2d 868) (1974). In *Berndt*, this court reversed the judgment which was

awarded to plaintiff on the ground that insufficient evidence was presented to support an award because plaintiff offered no evidence of how the sum claimed as quantum meruit damages was computed. Relying upon *Berndt*, defendant argues insufficient evidence was presented to support the quantum meruit award in this case because the only evidence presented by plaintiff was evidence offered to prove the existence of the alleged express agreement and no evidence was presented to prove the value of plaintiff's services.

When services in addition to those contemplated in an express contract are rendered and accepted, " 'the law implies and enforces performance of a promise to pay such extra services. (Cits.)' [Cit.]" *Fruin-Colnon Corp. v. Air Door, Inc.*, 157 Ga. App. 804, 807 (2) (278 SE2d 708) (1981). Proof of the express contract between the parties "affords prima facie proof of the value of the services rendered, and as such is properly received in evidence even when recovery is sought upon quantum meruit and not upon the contract." *Service Constr. Co. v. Nichols*, 378 SW2d 283, 288 (Mo. Ct. App. 1964). See also *Bellanca Corp. v. Bellanca*, 169 A2d 620, 626 (Del. 1961). The evidence shows that defendant's magazine clients paid defendant 15 percent of advertising sales made by the defendant and its employees on behalf of the client. In essence, defendant paid plaintiff one-third of the income it received from the sales she made.

Evidence was presented concerning the nature of plaintiff's services, and defendant's officers admitted she was a valuable employee and possessed a high degree of expertise at her job. Thus, the evidence showed the value actually placed on plaintiff's services by the defendant was one-third of its income from the sales she made and, from this evidence, the jury would be permitted to find that this value was reasonable. Evidence was presented concerning the amount of money defendant earned for orders solicited by plaintiff which were finalized and paid after her departure date. The amount awarded by the verdict is approximately one-third of that amount, minus the base salary amount which plaintiff admitted she did not earn after her departure date. Thus, the verdict is supported by the evidence.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 23, 1992.

*Scheer & Elsner, Robert A. Elsner*, for appellant.
*Churchill & Ferguson, Anthony M. Thomasson*, for appellee.