A96A2219. ATLAS AUTOMOTIVE, INC. et al. v. WILSON.
(484 SE2d 669)

RUFFIN, Judge.

Willie Wilson brought this workers' compensation claim against his former employer, Atlas Automotive, Inc. ("Atlas"), and Atlas' servicing agent after Atlas suspended his workers' compensation benefits and terminated his employment. Following a hearing, the administrative law judge ("ALJ") found in Wilson's favor. The ALJ's findings of fact and conclusions of law were adopted by the appellate division of the State Board of Workers' Compensation and affirmed by operation of law by the Superior Court of Dougherty County. We granted the Application for Discretionary Appeal filed by Atlas and its servicing agent, and for reasons which follow, we affirm.

The record reveals that in July 1994, Wilson injured his lower back while working as a brakeshoe assembler for Atlas. Following his injury, Wilson received weekly workers' compensation benefits for total disability.

From August 1994 through January 1995, Wilson was treated

for back pain by Dr. Thomas Darden, an orthopedist who was "one of the main company doctors" and Wilson's authorized treating physician. Dr. Darden kept Wilson out of work, performed a series of diagnostic tests, prescribed physical therapy and medication, and referred Wilson to Dr. Robert Hanchey, a neurosurgeon. After tests and examinations, Dr. Darden concluded that Wilson had suffered "a muscular strain of his back muscles." Neither Dr. Darden nor Dr. Hanchey, however, could find an organic cause for Wilson's continued lower back problems. In December 1994, Dr. Darden noted that Wilson's test results were "normal" and indicated that he should undergo a psychiatric evaluation to help determine why his symptoms persisted.

On January 3, 1995, Wilson again saw Dr. Darden, who reported that Wilson's pain and symptoms were out of proportion with the physical findings and that a request to refer Wilson for psychiatric counseling had been denied by his insurer. Finally, Dr. Darden noted that "[a]t this point, I would release [Wilson] from [our] care and would feel that he should [try] to get back into some type of employment, as we can find nothing wrong and would concur with Dr. Hanchey's assessment, as [he] has had normal serologic work-up, normal MRI scan, and do not appear to find anything that would correlate with his pain symptoms."

Despite the insurer's refusal to pay for psychiatric counseling, Dr. Darden subsequently referred Wilson to a psychiatrist, Dr. Vernon Dixon, who saw Wilson on January 16, 1995. In a letter to Dr. Darden, Dr. Dixon stated that Wilson appeared to be "very depressed" and noted that no objective physical cause could be documented for Wilson's complaints of severe pain and disability in his lower back. In his separate written evaluation, Dr. Dixon diagnosed Wilson as having a "[m]ajor depressive disorder" and stated that "[t]he patient was injured on the date of 7-14-94 and has gotten progressively depressed since then." Dr. Dixon described the date Wilson would be able to return to work as "[i]ndefinitely, 6 months" and similarly calculated the date of maximum recovery as "[i]ndefinite, perhaps 6 months longer." Dr. Dixon further recommended "regular intensive counseling and medication management for [Wilson's] psychiatric condition."

On January 18, 1995, Atlas filed a notice of suspension of benefits indicating that Wilson's benefits would be suspended on January 26, 1995, because "[Wilson] was able to return to work on [January 5, 1995] without restrictions from the authorized treating physician. . . ." By letter dated February 2, 1995, Atlas informed Wilson that if he failed to contact the company by February 6, 1995 about returning to work, he would be considered "terminated — as a voluntary quit." On February 7, 1995, Atlas prepared and released to

Wilson a separation notice stating that he had voluntarily quit.

Wilson subsequently brought this claim challenging the suspension of benefits. The ALJ concluded that "[Wilson's] psychological condition was caused as a result of his July 14, 1994 injury at work for [Atlas]. I find as a result of the symptoms of his injury caused psychological disorder [Wilson] has been disabled to return to work through the date of the hearing." Accordingly, the ALJ recommenced Wilson's temporary total disability income benefits and ordered Atlas to pay for Wilson's treatment by Dr. Dixon and other authorized physicians. The ALJ further ordered Atlas to pay attorney fees to Wilson's counsel in the amount of 25 percent of income benefits paid or payable to Wilson. Finally, the ALJ assessed a $500 civil penalty against Atlas for violating Board Rule 200 (b) by refusing to pay for Wilson's initial evaluation with Dr. Dixon.

1. In their first enumeration of error, appellants argue that "[b]ecause Wilson's psychological condition was caused by psychic factors and did not arise naturally and unavoidably from his work-related injury, the superior court erred in holding that Wilson's psychological condition was compensable." We disagree.

" 'In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division. It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board.' . . . [Cits.]" *Southwire Co. v. Molden*, 223 Ga. App. 389, 390 (477 SE2d 646) (1996). Claiming that the award for psychological injury was based on an "erroneous legal theory," appellants assert that we should review this case de novo. In their brief, however, appellants do not argue merely that the lower courts applied an incorrect legal standard. Rather, they ultimately contend that Wilson has not suffered a compensable psychological injury, rendering the award of temporary total disability benefits improper. We must review the question of whether Wilson suffered a compensable psychological injury under the "any evidence" standard. *Molden*, supra.

"[A] claimant is entitled to benefits under the Workers' Compensation Act for mental disability and psychic treatment which, *while not necessarily precipitated by a physical injury, arose out of an accident in which a compensable physical injury was sustained, and that injury contributes to the continuation of the psychic trauma.* The physical injury need not be the precipitating cause of the psychic trauma; *it is compensable if the physical injury contributes to the continuation of the psychic trauma.*" (Emphasis supplied.) *Southwire Co. v. George*, 266 Ga. 739, 742 (470 SE2d 865) (1996).

Applying this rule and viewing the evidence in Wilson's favor, we find that the ALJ, the appellate division, and the superior court did not err in awarding Wilson compensation for his mental condition. The ALJ concluded, and appellants agree in their brief, that "the source of [Wilson's] major depressive disorder [is] his injury caused inability to return to work and provide for his family, and the idea that he has been afflicted by his on the job injury with a back disorder which is similar to a back disorder which he believes caused his father's death." As found by the ALJ, this mental condition "manifests itself as continued complaints of severe back, leg, and arm pain." The evaluation from Dr. Dixon further indicates that Wilson's psychiatric disability began when he was injured in July 1994 and "[he] has gotten progressively depressed since then."

We find sufficient evidence in the record that Wilson's physical back injury brought on and contributed to the continuation of his psychological disorder. The cases cited by appellants are distinguishable and do not require a different decision. In *W. W. Fowler Oil Co. v. Hamby*, 192 Ga. App. 422 (385 SE2d 106) (1989); *Williams v. ARA Environmental Svcs.*, 175 Ga. App. 661 (334 SE2d 192) (1985); *Hanson Buick v. Chatham*, 163 Ga. App. 127 (292 SE2d 428) (1982); and *Brady v. Royal Mfg. Co.*, 117 Ga. App. 312 (160 SE2d 424) (1968), the claimants' psychological disorders were not connected to a prior physical injury. In contrast, evidence in the record indicates that Wilson initially suffered "a muscular strain of his back muscles," at which point his psychological disorder began and continued to worsen. Appellants' citation to *ITT Continental Baking Co. v. Comes*, 165 Ga. App. 598 (302 SE2d 137) (1983) (physical precedent only), is similarly unhelpful. In *Comes*, the Court stated that mild depression and anxiety "[cannot] reasonably be characterized as a mental or nervous disorder." 165 Ga. App. at 599. Wilson, however, was diagnosed as having a "[m]ajor depressive disorder," not mild depression or anxiety.

Based on the any evidence standard, the superior court did not err in affirming the award of workers' compensation benefits in this case. See *George*, supra. Accordingly, appellants' first enumeration of error has no merit.

2. In their second enumeration of error, appellants argue that because Atlas legitimately refused to authorize treatment by Dr. Dixon, the superior court erred in affirming the assessment of a $500 civil penalty against Atlas. More specifically, appellants claim that because Wilson's psychological problems were not compensable, Atlas acted appropriately in denying the referral. As we found in Division 1, however, the superior court properly affirmed the award of workers' compensation benefits for Wilson's psychological condition. Accordingly, appellants' argument has no merit.

3. Finally, appellants argue that the superior court erred in affirming the award of attorney fees to Wilson. Appellants do not challenge the ALJ's conclusion that Atlas violated OCGA § 34-9-221 (i) by failing to provide Wilson with ten days notice of suspension of benefits, thus authorizing an award of attorney fees. See OCGA § 34-9-108 (b) (2). Instead, they claim that the amount of the award, 25 percent of benefits paid or payable to Wilson, is improper because it permits continuing add-on attorney fees relating to future benefit payments.

Under OCGA § 34-9-108 (b) (2), "[i]f any provision of Code Section 34-9-221, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his or her rights under that Code section and the claimant prevails, *the reasonable quantum meruit fee of the attorney, as determined by the board, and the costs of the proceedings may be assessed against the employer.*" (Emphasis supplied.) At the hearing before the ALJ, Wilson tendered into evidence the fee contract with his attorney, which required him to pay his attorney "[t]wenty-five percent (25%) of the gross amount of weekly benefits recovered for me." Pursuant to Rule 108 (b) (6) of the State Board of Workers' Compensation, Wilson's attorney further stated in his place that "I have been practicing before the Board for approximately twenty years and I'm familiar with the facts of this case, the amount of work and hours that have been involved, and I think the fee contract that I have on file with the Board which reflects a contingency fee of twenty-five per cent is a reasonable fee in this instance. . . ." Appellants did not raise any question about, object to, or cross-examine Wilson's attorney about the reasonableness of the fee or the fee contract.

As we have previously found, "[p]roof of the express contract between the parties 'affords prima facie proof of the value of the services rendered, and as such is properly received in evidence even when recovery is sought upon quantum meruit and not upon the contract.' [Cits.]" *G. Carbonara & Co. v. Helms*, 205 Ga. App. 547, 548 (423 SE2d 36) (1992). Furthermore, " '(a)ttorneys are officers of the court and their statements in their place, *if not objected to*, serve the same function as evidence. (Cits.)' " *Ga. Bldg. Svcs. v. Perry*, 193 Ga. App. 288, 300 (6) (387 SE2d 898) (1989); see also *Hardee's v. Bailey*, 180 Ga. App. 332, 333 (2) (349 SE2d 211) (1986). The undisputed evidence in the record establishes the 25 percent contingency fee as a reasonable fee based upon the time involved and services performed. Appellants did not question or object to the reasonableness of this fee below. Thus, we conclude that the superior court properly upheld this award as a reasonable quantum meruit fee recoverable under OCGA § 34-9-108 (b) (2). See *Bennett-Murray, Inc. v. Barnes*, 222 Ga. App. 137, 139 (2) (473 SE2d 166) (1996). Accordingly, this enumeration of

error has no merit.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 28, 1997 —
RECONSIDERATION DENIED MARCH 21, 1997 —

*Gardner, Willis, Sweat & Goldsmith, Todd S. Handelman*, for appellants.

*Vansant, Corriere & McClure, Alfred N. Corriere*, for appellee.