A96A2071, A96A2072. WILLIAMS et al. v. CRISPAIRE
CORPORATION; and vice versa.

(483 SE2d 653)

McMURRAY, Presiding Judge.

Plaintiff Crispaire Corporation filed this action on an open account against defendant Jackie D. Williams d/b/a Refrigeration & Mechanical Services. The answer denied any indebtedness and included a counterclaim seeking damages for breach of contract, quantum meruit, fraud, and attorney fees. An amendment to the answer and counterclaim added counterclaims under theories of promissory estoppel, quantum meruit, and unjust enrichment.

These appeals follow the entry of the superior court's order on plaintiff's motion for partial summary judgment. Simultaneously with the entry of the summary judgment order, a separate order was entered denying a defense motion to compel discovery and amending the pre-trial order to add a party defendant, Delora E. T. Williams, who had been shown to be a joint owner of the business operated by defendant Jackie D. Williams.

The superior court granted in part and denied in part plaintiff's motion for partial summary judgment and insofar as plaintiff's motion was granted such forms the basis for the main appeal taken by the defendants, Case No. A96A2071. In a cross-appeal, Case No. A96A2072, plaintiff appeals from the denial of the remainder of its motion for partial summary judgment. *Held*:

1. Defendants' business was a sub-contractor which ordered certain heat pumps from plaintiff for installation in three schools. Count III of the counterclaim alleges fraud in that false representations were made by plaintiff concerning delivery dates of the equipment and the suitability of the equipment for the intended purpose. The superior court order "GRANTS IN PART Plaintiff's motion for partial summary judgment as to Count III of Defendant's counterclaim which raises claims based on fraud. . . ." In the main appeal, defendants maintain that this partial grant of summary judgment was error. We agree.

Genuine issues of material fact are presented as to whether plaintiff wilfully or recklessly misrepresented the delivery dates of the equipment to defendants who relied on the misrepresentations to their detriment. Plaintiff argues that any representation as to delivery dates would have necessarily been made prior to the entry of an order and should be regarded as mere "puffing" with regard to a prospective sale. Generally, a claim for fraud cannot be based upon a representation as to a future event. But defendants rely upon well known exceptions to the general rule applicable where promises are made without any present intent to perform or made as an inducement to enter a contract. To support such an action the misrepresen-

tation must be either known at the time to be false, or recklessly made with intent of deceiving the opposite party. *Community Federal Savings &c. Assn. v. Foster Developers,* 179 Ga. App. 861, 864 (1) (348 SE2d 326). Here there is some evidence that plaintiff promised or knew its sales representative had promised unrealistic delivery dates.

Efforts by plaintiff to remedy problems caused by deficiencies in the equipment and delayed delivery may provide evidence that there was no intent not to perform, but do not establish such a conclusion as a matter of law. This would be a factual question for a jury.

We do not accept plaintiff's contention that the fraud claim must fail due to a lack of proof of damages. While defendants' evidence of damages suffers from a lack of specific detail such as would more clearly demonstrate the amount of damages, the evidence which is available is more than merely speculative. The provision for labor in defendants' bids on the three projects was shown to be based on their experience and expertise combined with the specifications for the work which needed to be done. Therefore, defendants' evidence that the extent to which labor costs exceeded estimates was caused by the delays (resulting in extraordinary efforts being made to quickly install the equipment) and problems with the equipment cannot be arbitrarily rejected and does provide a basis for computing damages. Plaintiff's challenges as to whether the numbers provided on this issue accurately reflect defendants' labor costs present factual disputes for the jury.

Defendants' counterclaims are not defeated by their acceptance of the equipment shipped by plaintiff. Plaintiff's contentions in this regard rest upon the general rule that a buyer who retains goods in spite of their non-conformity has accepted them. OCGA § 11-2-606 (1). However, defendants again rely on an applicable exception to the general rule, that the buyer may still revoke an acceptance induced by the seller's assurances. OCGA § 11-2-608. Here there is evidence that plaintiff was well aware of certain problems with certain heat exchangers or "green wheels" on its equipment and had assured defendants that an appropriate adjustment would be made. An adjustment in the form of a credit to defendants' account was made by plaintiff but has not been found to be adequate by defendants.

2. Defendants also enumerate as error the denial of a motion to compel discovery by which they are attempting to acquire access to certain test data concerning one of the heat pumps they installed. While defendants maintain that this evidence may well support their contention that plaintiff's representations regarding the suitability of this equipment was intentionally or recklessly false, this seems most unlikely since the testing in question was conducted after the time of the alleged misrepresentations and thus can provide no infer-

ence to the earlier state of mind.

3. In the cross-appeal, plaintiff maintains that the remaining portions of its motion for partial summary judgment should have been granted. We agree in part and disagree in part.

Plaintiff seeks a judgment in the principal amount of $74,259.30 which it maintains is the amount of the unpaid amount of the account. We do not need to confirm or refute the accuracy of plaintiff's calculations in order to recognize that the existence of defendants' valid, pending counterclaims is sufficient to place within the discretion of the superior court the question of whether to grant a partial summary judgment for the amount of the account. In other words "it is not error for the trial court to *deny* what appears to be valid grounds for a summary judgment in the face of a valid, pending counterclaim where there is a reasonable probability that the recovery of the plaintiff will be greatly mitigated or even off-set by the defendant's recovery on the trial of the counterclaim." *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872, 878 (1) (264 SE2d 489).

Some difficulties were encountered with heat exchangers on the heat pumps requiring modification by adding a supporting "cage." Williams participated with employees of plaintiff in several meetings for the purpose of designing an appropriate solution to this problem and submitted his own proposed design for this component. One of defendants' counterclaims maintains that plaintiff appropriated his design and should be required to compensate him for that work. However, the uncontroverted evidence shows that no significant portion of Williams' design was adopted by plaintiff. The supporting cage was not in itself a new idea but merely a new application of a proven concept. Plaintiff's original design which apparently predated any attempted participation in the design process by Williams was deemed superior by plaintiff's engineers and the only idea incorporated from Williams' suggestions was the use of a specific sealed bearing which was a widely available standard part. There is no evidence controverting plaintiff's evidence that the choice of this specific bearing was insignificant in that there was little load on the bearing. As there was no evidence that Williams' design suggestions were of value to plaintiff, the superior court should have granted summary judgment in favor of plaintiff as to this counterclaim.

Since we have determined that the superior court erred in refusing to grant a partial summary judgment in favor of plaintiff on defendants' claim based on the alleged appropriation of a design for a heat exchanger cage, we must also reverse the superior court's grant of a motion to compel discovery of financial data concerning plaintiff's sales of equipment using these heat exchangers. Such data having relevance only to the issue of damages on this unsuccessful claim is not subject to discovery.

The superior court also erred in refusing to grant a partial summary judgment in favor of plaintiff on defendants' counterclaim for lost business. There was no suggestion on the record that defendants could provide any data which would permit the jury to calculate such a loss. The jury may not be permitted to speculate as to the amount of lost profits. *Interstate Development Svcs. &c. v. Patel*, 218 Ga. App. 898 (463 SE2d 516).

Plaintiff also maintains that defendants' quantum meruit counterclaims for installation of heat exchanger cages, extra effort, and delay, are not viable because it was not the owner of the equipment involved after its delivery to defendants, that the owner was on the local board of education, and that the measure of damages in quantum meruit is the value of the work of the owner rather than the cost of producing a result to a workman. *Brumby v. Smith & Plaster Co. of Ga.*, 123 Ga. App. 443 (10) (181 SE2d 303). Nonetheless, it does not appear that quantum meruit is limited to instances involving the improvement of property, instead the concept is also applicable to the rendering of services. Since it appears that defendants may have provided services of value to plaintiff and accepted by plaintiff, we are unable to conclude as a matter of law that there is no viable quantum meruit counterclaim against plaintiff solely because no specific item of property of plaintiff was improved by the rendering of those services. *G. Carbonara & Co. v. Helms*, 205 Ga. App. 547 (423 SE2d 36).

4. There is evidence supporting defendants' valid counterclaims which could be viewed by a jury as showing that plaintiff has acted in bad faith, with stubborn litigiousness, or has caused defendants unnecessary trouble and expense. The superior court did not err in denying plaintiff's motion for partial summary judgment as to defendants' counterclaim for attorney fees.

5. Plaintiff's final enumeration of error complains of the denial of a motion in limine seeking exclusion of evidence at trial pertaining to its activities with the local Board of Education dealing with testing, repairing, and other activities subsequent to the installation of the heat pumps. Plaintiff maintains that this evidence related to the defendants' fraud claim and the superior court should have granted the motion in limine as a ruling consistent with the grant of summary judgment against defendants on the fraud claim. Since we reverse that grant of summary judgment on defendants' fraud counterclaim, it follows that we find no error in the denial of plaintiff's motion in limine since the evidence it seeks to exclude may be relevant to prove the alleged fraud.

*Judgment reversed in Case No. A96A2071. Judgment affirmed in part and reversed in part in Case No. A96A2072. Johnson and Ruffin, JJ., concur in the judgments only.*

176

DECIDED MARCH 5, 1997 — 

*Ladson, Odom & Des Roches, M. Brice Ladson, Bouhan, Williams & Levy, Joseph A. Mulherin III,* for appellants.

*Karsman, Brooks & Callaway, Stanley E. Harris, Jr.,* for appellee.