**WHOLE COURT**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0265. HERITAGE HEALTHCARE OF TOCCOA et al. v.
 AYERS.

ELLINGTON, Presiding Judge.

In this workers' compensation appeal, the amount of disability benefits and the

employer's liability for attorney fees have been established. The only issue on appeal

is the amount of attorney fees assessed against the employer. The Appellate Division

of the State Board of Workers' Compensation ("the Board") fixed the award at a lump

sum based on the employee's weekly benefit from the date of injury to just before the

final hearing, when the employer paid an uncontested late-payment penalty. The

employee appealed to the superior court, which ruled that the employee is entitled to

continuing add-on attorney fees relating to future benefit payments and to fees based

on the late-payment penalty. Pursuant to a granted application for discretionary

appeal under OCGA § 5-6-35 (a) (1), the employer appeals, contending, inter alia, that the Superior Court of Stephens County erred in setting aside the Board's decision. For the reasons explained below, we affirm.

In resolving this appeal, we must keep in mind the various standards of review applicable in a workers' compensation case.

> Pursuant to OCGA § 34-9-103 (a), any party dissatisfied with a decision of an ALJ of the trial division of the State Board of Workers' Compensation may appeal that decision to the appellate division of the State Board of Workers' Compensation which shall have original appellate jurisdiction in all workers' compensation cases. The Appellate Division is authorized to weigh the evidence of record and assess the credibility of witnesses. If, after assessing the evidence of record, the Appellate Division determines that the findings of the ALJ were supported by a preponderance of the competent and credible evidence, the Appellate Division must accept the factual findings of the ALJ. But, if after assessing the evidence of record, the appellate division concludes that the award does not meet the statute's evidentiary standards, the appellate division may substitute its own alternative findings for those of the ALJ, and enter an award accordingly. After a workers' compensation decision becomes final at the administrative level, the parties have a right of direct appeal to the superior court, pursuant to OCGA § 34-9-105 (b).

(Citations, punctuation, and footnote omitted.) *Stokes v. Coweta County Bd. of Ed.*, 313 Ga. App. 505, 505-506 (722 SE2d 118) (2012). The superior court shall set aside the decision of the Board

> if it is found that:
> (1) The members acted without or in excess of their powers;
> (2) The decision was procured by fraud;
> (3) The facts found by the members do not support the decision;
> (4) There is not sufficient competent evidence in the record to warrant the members making the decision; or
> (5) The decision is contrary to law.

OCGA § 34-9-105 (c). As a reviewing court,

> the superior court applies an any-evidence standard of review to the Board's findings of fact, construing the evidence in the light most favorable to the party prevailing before the Board, and lacks authority to substitute itself as a factfinding body in lieu of the Board. Erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, however, are subject to the de novo standard of review in the superior court. Where it affirmatively appears that the Board's decision is based upon an erroneous legal theory, and that for this reason the Board has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the Board for further findings. . . . Appeals to this Court are governed by the same standards of review as appeals to the superior court under OCGA § 34-9-105.

3

(Citations, punctuation, and footnote omitted.) *Stokes v. Coweta County Bd. of Ed.*, 313 Ga. App. at 506-507. "On appeal to this Court, our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency." (Citations and punctuation omitted.) *Jamal v. Thurmond*, 263 Ga. App. 320 (587 SE2d 809) (2003).

Viewed in the light most favorable to the employee, Martha Ayers, as the party prevailing before the Board, the record shows the following. Ayers reported an alleged work injury immediately after its occurrence on October 26, 2010. Her employer, Heritage Healthcare of Toccoa, fired her the next day and rejected her request for disability benefits. On November 23, 2010, Ayers filed a request for a hearing, praying for income benefits of $226.24 per week (based on her weekly wage of $339.34), medical benefits (including payment of medical expenses incurred), late-

payment penalties pursuant to OCGA § 34-9-221,[1] and assessed attorney fees and

expenses of litigation pursuant to OCGA § 34-9-108 (b).[2]

_____

[1] See OCGA § 34-9-221 (b) ("The first payment of income benefits shall become due on the twenty-first day after the employer has knowledge of the injury or death, on which day all income benefits then due shall be paid. Thereafter, income benefits shall be due and payable in weekly installments[.]"); (e) ("If any income benefits payable without an award are not paid when due, there shall be added to the accrued income benefits an amount equal to 15 percent thereof, which shall be paid at the same time as, but in addition to, the accrued income benefits unless notice is filed under subsection (d) of this Code section or unless this nonpayment is excused by the board after a showing by the employer that owing to conditions beyond control of the employer the income benefits could not be paid within the period prescribed.").

[2]

(1) Upon a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds, the administrative law judge or the board may assess the adverse attorney's fee against the offending party.

(2) If any provision of Code Section 34-9-221, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his or her rights under that Code section and the claimant prevails, the reasonable quantum meruit fee of the attorney, as determined by the board, and the costs of the proceedings may be assessed against the employer.

(3) Any assessment of attorney's fees made under this subsection shall be in addition to the compensation ordered.

(4) Upon a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds, the administrative law judge or the board may, in addition to reasonable attorney's fees, award to the adverse party in whole or in part reasonable litigation expenses against the offending party. Reasonable litigation expenses under this subsection are limited to witness fees and mileage pursuant to Code Section 24-13-25; reasonable expert witness fees

Heritage never controverted the claim.[3] On March 11, 2011, Heritage's workers' compensation insurer paid Ayers a lump sum of $4,524.80 for 20 weeks of past due benefits and began paying weekly benefits. On September 27, 2011, two days before a scheduled final hearing, the insurer paid Ayers a lump sum of $678.72 (15 percent of $4,524.80) as a late-payment penalty for the March 11, 2011 benefits payment.

A final hearing took place before an Administrative Law Judge on September 29, 2011, for resolution of Ayers' claim for assessed attorney fees. The ALJ rejected Ayers' claim for fees, and Ayers appealed to the Board. The Board found that the evidence of record supports Ayers' contentions that Heritage acted in violation of OCGA § 34-9-221 (b) and (e) and that there is no competent and credible evidence to the contrary. Additionally, the Board found that the record contains no competent

---

subject to the fee schedule; reasonable deposition transcript costs; and
the cost of the hearing transcript.
OCGA § 34-9-108 (b).

[3] See OCGA § 34-9-221 (d) ("If the employer controverts the right to compensation, it shall file with the board, on or before the twenty-first day after knowledge of the alleged injury or death, a notice in accordance with the form prescribed by the board, stating that the right of compensation is controverted and stating the name of the claimant, the name of the employer, the date of the alleged injury or death, and the ground upon which the right to compensation is controverted.").

and credible evidence that Heritage's failure to pay timely disability benefits was owing to conditions beyond its control. See OCGA § 34-9-221 (e). The Board found that the evidence contradicts rather than supports "reasonable grounds" for Heritage's failure to comply with OCGA § 34-9-221 and that Heritage failed to present a reasonable defense on the issues at the hearing. Based on these findings, the Board ruled that Ayers "is entitled to assessed attorney fees pursuant to OCGA § 34-9-108 (b) (1) and [to reasonable expenses of litigation pursuant to OCGA § 34-9-]108 (b) (4)."

Additionally, the Board found that, although Heritage did not contest the late-payment penalty mandated by OCGA § 34-9-221 (e), it delayed paying the penalty without reasonable grounds, and that assessed attorney fees are also warranted under OCGA § 34-9-108 (b) (2).

The Board recapitulated that it found that Ayers "is entitled to attorney fees pursuant to OCGA § 34-9-108 (b) (1) [and OCGA § 34-9-]108 (b) (2) and [to reasonable expenses of litigation pursuant to OCGA § 34-9-]108 (b) (4)[.]" The Board ordered Heritage to pay Ayers $3,122.62, which represents the sum of "$2,714.88 quantum meruit fees plus $407.74 litigation expense."

The Board having found that the defense presented by Heritage lacked reasonable grounds, OCGA § 34-9-108 (b) (1) authorized the Board to assess Ayer's attorney fee against Heritage, subject to the limitation in subpart (a) that the fee be no more than 25 percent of Ayer's award of weekly benefits. OCGA § 34-9-108 (a) ("The board shall approve no fee of an attorney for services to a claimant in excess of 25 percent of the claimant's award of weekly benefits or settlement."). The record shows that Ayers' contract with her attorney provided just that – for a fee of 25 percent of her award of weekly benefits. Rule 108 of the State Board of Workers' Compensation provides that any attorney fee contract which provides for a fee no greater than 25 percent of the recovery of weekly benefits, "absent compelling evidence to the contrary, shall be deemed to represent the reasonable fee of the attorney."[4] In this case, there is *no* evidence that a fee of 25 percent of Ayers' weekly benefit was not a reasonable fee.[5] It follows that there is an absence of *compelling*

[4] See OCGA § 34-9-60 (a) ("The [State Board of Workers' Compensation] may make rules, not inconsistent with [Chapter 9 of Title 34], for carrying out this chapter.").

[5] Ayers' attorney stated in his place, as an officer of the court and attorney with over twenty years representing employees with workers' compensation claims, that the contract fee in this case comports with the rules and regulations of the State Board of Workers' Compensation and represents the usual and customary fee of a claimant's attorney. When the ALJ asked if Heritage had any questions concerning the statement

8

evidence to rebut the presumption that the fee under the contract represents the reasonable fee of the attorney.

Applying OCGA § 34-9-108 (b) (1) and Rule 108 to the circumstances of this case, including the absence of compelling evidence to rebut the presumption that the fee under the contract represents the reasonable fee of Ayers' attorney, would require the Board to order Heritage to pay attorney fees of $56.56 per week (25 percent of Ayers' weekly benefit of $226.24) for up to 400 weeks unless the weekly benefit is terminated sooner. In ordering Heritage to pay attorney fees of $2,714.88 (25 percent of Ayers' weekly benefit multiplied by 48 weeks), even though Ayers' weekly benefit did *not* terminate after 48 weeks, but is continuing, the Board failed to award attorney fees in compliance with OCGA § 34-9-108 (b) (1) and Rule 108.[6]

---

of Ayers' attorney in support of her claim for assessed fees, Heritage's attorney declined to cross-examine Ayers' attorney or present any evidence on the issue of the fee claim.

[6] We note that Rule 108 does not expressly apply to attorney fees assessed pursuant to OCGA § 34-9-108 (b). We find no justification, however, for the Board to apply a different standard to the issue of whether attorney fees are "reasonable" when, because of the conduct of the employer or its insurer, the Board is shifting the responsibility for the claimant's attorney fees from the claimant to the employer/insurer.

9

Furthermore, as Ayers contends, the attorney fee award under OCGA § 34-9-108 (b) (1) should also include, in addition to 25 percent of her weekly benefit, 25 percent of $678.72, the late payment penalty Heritage paid, because "a penalty imposed for violation of OCGA § 34-9-221 is properly characterized as part and parcel of the compensation awarded." *Hardee's v. Bailey*, 180 Ga. App. 332, 333 (1) (349 SE2d 211) (1986). See *Cartersville Ready Mix v. Hamby*, 224 Ga. App. 116, 119 (2) (479 SE2d 767) (1996) (accord).

Finally, we note that, unlike OCGA § 34-9-108 (b) (1), which simply authorizes an award of "the adverse attorney's fee against the offending party," subsection (b) (2), with regard to late payment and resulting non-compliance with OCGA § 34-9-221, provides for an award of "the reasonable quantum meruit fee of the attorney, as determined by the board, and the costs of the proceedings . . . against the employer."[7] A "reasonable quantum meruit fee," however, may still be based on the amount due under an express attorney fee contract. *Atlas Automotive, Inc. v. Wilson*, 225 Ga. App. 631, 635 (3) (484 SE2d 669) (1997); *G. Carbonara & Co. v.*

---

[7] "Quantum meruit" is defined as "[t]he reasonable value of services; damages awarded in an amount considered reasonable to compensate a person who rendered services in a quasi-contractual relationship." Black's Law Dictionary (9th ed. 2009).

*Helms*, 205 Ga. App. 547, 548 (423 SE2d 36) (1992).[8] The Board's findings under OCGA § 34-9-108 (b) (1) and (4) indicate that this is not a case in which the assessment of attorney fees should be tailored to reflect an attorney's limited effort.[9] Thus, under the circumstances presented here, there is no inherent conflict in an award under both subsection (b) (1) and subsection (b) (2).

The superior court was authorized to set aside the ruling of the Board upon finding that it did not act within the scope of its discretion, erroneously applied the law to the undisputed facts, and otherwise rendered a decision that is contrary to law.

---

[8] See also *Flores v. Keener*, 302 Ga. App. 275, 278 (690 SE2d 903) (2010) ("In most cases, the Board considers the amount due under the terms of an express contract between an attorney and a workers' compensation claimant to provide prima facie proof of the value of the services rendered. This rule is formalized in State Board of Workers' Compensation Rule 108 (a), which provides that any contract that provides for a fee of 25 percent of the recovery, or less, absent compelling evidence to the contrary, shall be deemed to represent the reasonable fee of the attorney.") (citation omitted).

[9] See James B. Hiers, et al., Ga. Workers' Comp. Law & Practice § 22-3, n. 14 (5th ed., updated October 2012) (explaining that the "quantum meruit" provision in OCGA § 34-9-108 (b) (2) allows the ALJ or the Board to tailor the assessment by awarding fees on a lump sum basis instead of on a continuing percentage add-on basis in the context of fees for non-compliance/late payment, because in some late payment situations the effort expended by an attorney may be limited to one telephone call or letter, resulting in payments being made, albeit late. "Under those circumstances the board may award attorney fees commensurate with the effort expended (telephone call, letter, etc.).").

11

OCGA § 34-9-105 (c).[10] Given the Board's finding that Ayers is entitled to attorney fees pursuant to OCGA § 34-9-108 (b) (1), (2), and (4), and given the strong presumption in favor of the contract fee in the Board's own rules, the superior court did not err in setting aside the decision of the Board and remanding the case to the Board for entry of a corrected award.

*Judgment affirmed. Phipps, C. J., Barnes, P. J., and Miller, J., concur. Andrews, P. J., Ray and Branch, JJ., dissent.*

---

[10] See *Copelan v. Burrell*, 174 Ga. App. 63, 64 (2) (329 SE2d 174) (1985) (Although *whether* to assess add-on fees under OCGA § 34-9-108 (b) (1) or (2) is discretionary, "[t]he determination of [the] *amount* [of such fees] must be made in light of evidence presented.") (emphasis supplied).

A13A0265. HERITAGE HEALTHCARE OF TOCCOA et al v.
AYERS.


BRANCH, Judge, dissenting.

The Appellate Division of the State Board of Workers' Compensation determined that the claimant's attorney was entitled to "quantum meruit" fees of 25 percent of the amount of TTD benefits from the date of injury through the date the employer paid the late fees just prior to the final hearing. The record supports Appellate Division's award, and the superior court therefore was not authorized to substitute its own findings for the findings of the Appellate Division and thereby increase the attorney fee award to include 25 percent of TTD benefits payable *after* the employer paid the late fee. Accordingly, I respectfully dissent.

1. "On appeal to this Court, our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency." (Citations and punctuation omitted.) *Jamal v. Thurmond*, 263 Ga. App. 320 (587 SE2d 809) (2003).

On appeal from an award of the Appellate Division of the State Board of Workers' Compensation, this Court examines the record to see if there is competent evidence to support the award and construes the evidence in a light most favorable to the prevailing party. Further, it is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the board.

(Citation and punctuation omitted.) *Harris v. Peach County Bd. of Commrs.*, 296 Ga. App. 225 (674 SE2d 36) (2009).

This case turns on the wording of the Appellate Division's award, which shows that the Appellate Division awarded fees in quantum meruit under OCGA § 34-9-108 (b).

Subsection (b) of OCGA § 34-9-108 provides for recovery of attorney fees from a party to the proceedings or the employer in two circumstances. Subsection (b) (1) provides that the "adverse attorney's fee" may be assessed against the "offending party" when that party "brought, prosecuted, or defended [the proceedings] in whole or in part without reasonable grounds"; subsection (b) (2) provides that "the

2

*reasonable quantum meruit*[1] *fee* of the attorney, as determined by the board" may be assessed against "the employer" if the employer fails to comply with OCGA § 34-9-221[2] "without reasonable grounds." (Emphasis supplied.) Attorney fees may be assessed under either or both provisions. See, e.g., *C. Brown Trucking v. Rushing*, 265 Ga. App. 676, 678-679 (2) (595 SE2d 346) (2004). And the decision to assess fees under either subsection falls within the discretion of the court, although the determination of the amount of fees must be based upon the evidence presented. See *Copelan v. Burrell*, 174 Ga. App. 63, 64 (2) (329 SE2d 174) (1985).

The Appellate Division ruled that Ayers was entitled to attorney fees under both subsections (b) (1) and (2) of OCGA § 34-9-108, but it announced that it was determining the amount of the award in the quantum meruit language of subsection (b) (2) as follows:

> [I]t is the determination of the Board that the *reasonable quantum meruit fee* to be assessed against the Employer/Insurer is 25% of the amount of [TTD] benefits plus late fees paid from October 26, 2010,

[1] "Quantum meruit" is defined as "[t]he reasonable value of services; damages awarded in an amount considered reasonable to compensate a person who has rendered services in a quasi-contractual relationship." Black's Law Dictionary (9th ed. 2009).

[2] OCGA § 34-9-221 provides for several rules for when workers' compensation benefits must be paid.

3

(the date of injury) through September 27, 2011, (the issuance of the late fee payment on the eve of hearing below).

(Emphasis supplied.) Thus, it is clear from the Appellate Division's order that it used its discretion to assess fees under subsection (b) (2) rather than (b) (1).[3]

The amount of fees to be assessed under subsection (b) (2) is "the reasonable quantum meruit fee of the attorney, as determined by the board." Although proof of an express attorney fee agreement may afford "prima facie proof of the value of the services rendered . . . even when recovery is sought upon quantum meruit," *G. Carbonara & Co. v. Helms*, 205 Ga. App. 547, 548 (423 SE2d 36) (1992) (citations and punctuation omitted), "the hearing director and full board are vested with exclusive authority to weigh the evidence." *Zurich Ins. Co. v. McDuffie*, 117 Ga. App. 90, 91 (2) (159 SE2d 423) (1968). The question of the amount and reasonableness of the quantum meruit attorney fees under OCGA § 34-9-108 (b) (2) is thus a factual question for the State Board. Here, the State Board awarded attorney fees for the

---

[3] By ignoring how the Appellate Division actually made the attorney fee award – based on the quantum meruit value of the services – the majority has reviewed the record to see whether it supports *the superior court's decision*, which is exactly what this Court is not supposed to do; rather, we are required to review the record to determine whether it supports the Appellate Division's award. The record clearly supports the Appellate Division's quantum meruit award.

period of time that the employer stood delinquent in its obligations to the employee, i.e., from the time of injury through the date the employer paid the late fees. There was competent evidence in the record to support the agency decision to limit the assessed fees to the specified period of time.[4] Thus the record supports the initial decision of the Appellate Division, and the superior court was therefore not authorized to substitute its own findings for the findings of the Appellate Division.

2. Rule 108 (a) of the State Board of Workers' Compensation is inapplicable to the Appellate Division's decision in this case.

Whereas subsection (b) of OCGA § 34-9-108 provides for assessing attorney fees and litigation expenses against an employer or a party and is relevant to this case,

---

[4] Indeed, as pointed out in James B. Hiers, Jr. et al., Ga. Workers' Compensation Law & Practice, § 5–3 (5th ed.), an award of something less than the full value of the attorney's services makes sense under the circumstances:

> For example, assume there is some non-compliance to the extent of a late payment or non-payment. The claimant retains an attorney who contacts the insurer by telephone or letter or both and payments are made, albeit late. Under those circumstances the board may award attorney fees commensurate with the effort expended (telephone call, letter, etc.) on a lump sum basis instead of on a continuing percentage add-on basis. It makes sense. The attorney is compensated for work performed. The insurer is made to pay for its error. The assessment may be tailored to the circumstances.

subsection (a) regulates the fee an attorney may charge a workers' compensation claimant, which is a separate matter.[5] Similarly, Rule 108 (a) of the State Board of Workers' Compensation also addresses the claimant-attorney relationship in that it provides that contracts between an attorney and a claimant must contain certain provisions, including the following:

> This contract is subject to the approval of the State Board of Workers' Compensation, and no fee of more than $100.00 shall be paid under the contract unless approved by the Board.
>
> No contract shall be filed with the Board which provides for a fee greater than 25 percent of the recovery of weekly benefits. *Any contract with these terms, absent compelling evidence to the contrary, shall be deemed to represent the reasonable fee of the attorney*.

(Emphasis supplied.).

Ayers argues that by applying the highlighted language to her claim for assessed fees against her employer, the evidence of attorney fees presented by her attorney, including the fee agreement, should be deemed as a matter of law to represent the reasonable value of those fees. Nothing in the language of Rule 108 (a)

---

[5] Specifically, subsection (a) provides that any fee in excess of $100 must be approved by the board and that no fee can exceed 25 percent of the claimant's award of weekly benefits or settlement.

6

shows that the provisions contained therein apply to an award of quantum meruit fees against an employer under OCGA § 34-9-108 (b). Moreover, Rule 108 (a) cannot override the express authority granted to the board by statute to determine "the reasonable quantum meruit fee of the attorney." OCGA § 34-9-108 (b) (2). See generally *MARTA v. Reid*, 282 Ga. App. 877, 883 (3) (640 SE2d 300) (2006) (the board is not authorized to make rules inconsistent with the Workers' Compensation Act, OCGA § 34-9-1 et seq.) In short, the Appellate Division was not bound by Rule 108 (a) to assess attorney fees against the employer under OCGA § 34-9-108 (b) based on the precise terms of Ayers's attorney fee agreement with Carter.

For the above reasons, the superior court erred by reversing the decision of the Appellate Division of the State Board of Workers' Compensation.

I am authorized to state that Andrews, P. J., and Ray, J., join in this dissent.