# Court of Appeals
# of the State of Georgia

ATLANTA, August 11, 2016

*The Court of Appeals hereby passes the following order:*

## A16D0469. JIM LINZELL JACKSON, SR. v. C & P RESTAURANT CO., LLC.

Jim Linzell Jackson, Sr. filed a claim for workers' compensation benefits, and the matter was heard by an administrative law judge ("ALJ") for the State Board of Workers' Compensation ("the Board"). The ALJ issued an award denying Jackson's claim. He appealed to the Board's appellate division, which adopted the ALJ's findings of fact, conclusions of law, and award. Jackson filed a motion for reconsideration, but the appellate division denied it. Jackson now seeks discretionary review in this Court. We, however, lack jurisdiction.

OCGA § 34-9-105 (b) sets forth the procedure for appealing a decision of the Board. Specifically, the non-prevailing party to the dispute may file an appeal with the superior court within 20 days of the date of a final decision of the Board. See *Heritage Healthcare of Toccoa v. Ayers*, 323 Ga. App. 172, 173 (746 SE2d 744) (2013) ("After a workers' compensation decision becomes final at the administrative level, the parties have a right of direct appeal *to the superior court*, pursuant to OCGA § 34-9-105 (b).") (punctuation omitted; emphasis supplied). After an appeal to superior court, a dissatisfied party may seek further appellate review in this Court by filing an application for discretionary appeal. See OCGA § 5-6-35 (a) (1). However, "[i]f a party to a workers' compensation award does not seek review of an issue by the superior court within the time prescribed, the award becomes final as to that issue, and the party is not entitled to review of that issue by this court." *Mei Yu Zheng v. New Grand Buffet*, 321 Ga. App. 308, 313 (3) (740 SE2d 302) (2013).

Jackson has not shown that he appealed the Board's final decision to the

superior court. He has not submitted a superior court order, a notice of appeal to that court, or any other documents indicating that he appealed to the superior court, and his application fails to mention any such appeal. An applicant for discretionary appeal to this Court bears the burden of demonstrating that his application should be granted. See *Harper v. Harper*, 259 Ga. 246 (378 SE2d 673) (1989). Of utmost importance in doing so is providing sufficient materials to show that we have jurisdiction to consider the application. In the absence of such materials, we conclude that "we do not have jurisdiction to consider [Jackson's] claims on appeal." *Mei Yu Zheng*, supra. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*    08/11/2016
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*